DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C

a waiver of any of the City's rights in connection with this Contract nor shall it give rise to actions by any third parties including identified M/W/DSBE Subcontractors.

(b) **Special Requirements Applicable to Non-Profit Providers.** In the event the Provider is a non-profit, the Contract may not be subject to M/W/DSBE participation ranges, but Provider shall demonstrate its compliance with the Antidiscrimination Policy in the following manner:

    (1) Provide to the OEO annually, a written diversity program identifying the race, gender and ethnic composition of its board of directors, its employment profile, a list of all vendors that the non-profit does business with in its M/W/DSBE procurement program (e.g., "M/W/DSBE Supplier Diversity Program") and a statement of the geographic area(s) where its services are most concentrated; and

    (2) Demonstrate, to the OEO's satisfaction, that the non-profit's organization makes appropriate efforts to maintain a diverse workforce and board of directors and operates a fair and effective M/W/DSBE procurement program.

(c) **Criminal Liability for Fraudulent or False Statements.** It is understood that false certification or representation made in connection with this Antidiscrimination Policy may be subject to prosecution under Title 18 Pa.C.S. Sections 4107.2 and 4904.

15.4 **Federal Laws.** Provider shall comply with the provisions of Title VI of the Civil Rights Act of 1964 (42 U.S.C. Sections 2000d - 2000d.7), Section 504 of the Federal Rehabilitation Act of 1973 (29 U.S.C. Section 794), the Age Discrimination Act of 1975, (42 U.S.C. Sections 6101 - 6107), Title IX of the Education Amendments of 1972 (20 U.S.C. Section 1681), and 45 C.F.R. Part 92, as they may be amended from time to time, which together prohibit discrimination on the basis of race, color, national origin, sex, handicap, age and religion.

15.5 **Americans With Disabilities Act.** Provider understands and agrees that no individual with a disability shall, on the basis of the disability, be excluded from participation in this Contract or from providing Services or Materials under this Contract. By executing and delivering this Contract, Provider covenants to comply with all provisions of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. §§12101 - 12213, and all regulations promulgated thereunder, as the ADA and regulations may be amended from time to time, which are applicable (a) to Provider; (b) to the benefits, Services, Materials, activities, facilities and programs provided in connection with this Contract; (c) to the City, or the Commonwealth of Pennsylvania; (d) to the benefits, services, activities, facilities

DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C

and programs of the City or of the Commonwealth; and (e) if any funds under this Contract are provided by the federal government, which are applicable to the federal government and its funds, benefits, services, activities, facilities and programs applicable to this Contract. Without limiting the applicability of the preceding sentence, Provider shall comply with the "General Prohibitions Against Discrimination," 28 C.F.R. Part 35.130, and all other regulations promulgated under Title II of the ADA, as they may be amended from time to time, which are applicable to the benefits, services, facilities, programs and activities provided by the City through contracts with outside contractors.

15.6 **Northern Ireland.**

(a) In accordance with Section 17-104 of the Code, Provider (including any parent company, subsidiary, exclusive distributor or company affiliated with Provider) (1) confirms that it does not have, and agrees that it will not have at any time during the Term of this Contract (including any extensions of the Term), any investments, licenses, franchises, management agreements or operations in Northern Ireland and (2) agrees that no product to be provided to the City under this Contract will originate in Northern Ireland, unless Provider has implemented the fair employment principles embodied in the MacBride Principles.

(b) In the performance of this Contract, Provider agrees that it will not use any suppliers, Subcontractors or subconsultants at any tier (1) who have (or whose parent, subsidiary, exclusive distributor or company affiliate have) any investments, licenses, franchises, management agreements or operations in Northern Ireland or (2) who will provide products originating in Northern Ireland unless said supplier, subconsultant or Subcontractor has implemented the fair employment principles embodied in the MacBride Principles.

(c) Provider agrees to cooperate with the City's Director of Finance in any manner which the said Director deems reasonable and necessary to carry out the Director's responsibilities under Section 17-104 of the Code. Provider expressly understands and agrees that any false certification or representation in connection with this Section 15.6 (Section 17-104 of the Code) and any failure to comply with the provisions of this Section 15.6 (the Section 17-104 of the Code) shall constitute a substantial breach of this Contract entitling the City to all rights and remedies provided in this Contract or otherwise available at law (including, but not limited to, Section 17-104 of the Code) or in equity. In addition, Provider understands that false certification or representation is subject to prosecution under Title 18 Pa. C.S. Section 4904.

15.7 **Limited English Proficiency.** Provider understands and agrees that no individual who is limited in his or her English language proficiency shall be denied access to

Services provided under this Contract on the basis of that limitation. As a condition of accepting and executing this Contract, Provider shall comply with all provisions of Title VI of the Civil Rights Act of 1964, Executive Order No. 12250 of the President of the United States, publication of the Mayor of the City of Philadelphia's Executive Order entitled, "Access to Federally Funded City Programs and Activities for Individuals with Limited English Proficiency" dated September 29, 2001, and all regulations promulgated thereunder, as the Act and regulations may be amended from time to time, which are applicable (a) to Provider, (b) to the benefits, services, activities and programs provided in connection with this Contract, (c) to the City, or the Commonwealth of Pennsylvania, and (d) to the benefits, services, activities and programs of the City or of the Commonwealth, and if any funds under this Contract are provided by the federal government, which are applicable to the federal government and its benefits, services, activities and programs. Without limiting the applicability of the preceding sentence, Provider shall comply with 45 C.F.R. 80 et. seq. and all other regulations promulgated under Title VI of the Civil Rights Act of 1964, as they may be amended from time to time, which are applicable to the benefits, services, programs and activities provided by the City through contracts with outside contractors.

15.8 **Business, Corporate and Slavery Era Insurance Disclosure.** In accordance with Section 17-104 of the Code, the Provider, after execution of this Contract, will complete an affidavit certifying and representing that the Provider (including any parent company, subsidiary, exclusive distributor or company affiliated with Provider) has searched any and all records of the Provider or any predecessor company regarding records of investments or profits from slavery or slaveholder insurance policies during the slavery era. The names of any slaves or slaveholders described in those records must be disclosed in the affidavit.

The Provider expressly understands and agrees that any false certification or representation in connection with this Section and/or any failure to comply with the provisions of this Section shall constitute a substantial breach of this Contract entitling the City to all rights and remedies provided in this Contract or otherwise available in law (including, but not limited to, Section 17-104 of the Code) or equity and the Contract will be deemed voidable. In addition, it is understood that false certification or representation is subject to prosecution under Title 18 Pa. C.S. Section 4904.

15.9 **Protected Health Information**

(a) The City of Philadelphia is a "Covered Entity" as defined in the regulations issued pursuant to the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The City's business activities include both (1) functions which make the City a Covered Entity, and, therefore, subject to HIPAA, and (2) functions that are not subject to HIPAA. In accordance with 45 CFR §164.105(a)(2)(iii)(D), the City has

designated certain departments and units of the City as health care components that must comply with HIPAA ("Covered Components"). The Covered Components of the City as of April 1, 2017 include: Ambulatory Health Services (a unit of the Philadelphia Department of Public Health ("PDPH")); the Philadelphia Nursing Home (a unit of PDPH); the Sexually Transmitted Disease Control Program (a unit of PDPH); the Philadelphia Public Health Laboratory (a unit of PDPH); the Benefits Administration Unit of the Office of Human Resources; Emergency Medical Services (a unit of the Philadelphia Fire Department); and the Office of Behavioral Health and Intellectual disAbility Services. This list is subject to change, and any department or unit of the City that the City in the future determines to be a Covered Component under HIPAA shall be deemed to be a Covered Component for purposes of this Section 15.9.

(b)     To the extent (1) this Contract is entered into by the City for or on behalf of a Covered Component and/or requires the performance of services that will be delivered to or used by a Covered Component (whether or not the City department or unit through which the City entered the Contract is a Covered Component), and (2) Provider is a "Business Associate" of the City, as defined in 45 CFR §160.103, Provider shall comply with the City's Terms and Conditions Relating to Protected Health Information ("City PHI Terms") posted on the City's website (at https://secure.phila.gov/eContract/ under the "About" link). The City PHI Terms are hereby incorporated in this Section 15.9 as if fully set forth herein. (A printed version of the City PHI Terms, in the City's sole discretion, also may be attached to this Contract.)

15.10   **Chapter 17-1300 of The Philadelphia Code: Philadelphia 21st Century Minimum Wage and Benefits Standard**

(a)     Provider is a "Service Contractor" in that by virtue of entering into this Contract, Provider has entered into a "Service Contract," as those terms are defined in Section 17-1300 of the Code. Any Subcontract between Provider and a Subcontractor to perform work related to this Contract is a "Service Contract" and such Subcontractors are also "Service Contractors" for purposes of Chapter 17-1300 as are any Subcontract and Subcontractor at any tier providing Services under this Contract. (Chapter 17-1300 is accessible at http://www.amlegal.com/library/pa/philadelphia.shtml.) If such Service Contractor (Provider or any Subcontractor at any tier) is also an "Employer," as that term is defined in § 17-1302 of the Code (more than 5 employees), and further described in § 17-1303 of the Code, then absent a waiver, during the Initial Term and any Additional Term, in addition to any applicable state and federal requirements, Provider shall

DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C

provide, and shall enter into Subcontracts and otherwise cause any Subcontractors at any tier that are also Service Contractors to provide their respective covered Employees (persons who perform work for a covered Employer that arises directly out of a Service Contract), with at least the minimum wage standard and minimum benefits standard, and required notice thereof, stated in Applicable Law and in Chapter 17-1300 of the Code. A summary of the current requirements is as follows:

## (1) **Minimum Wage**

Commencing as of January 1, 2016, for wages to be provided on and after January 1 of each year during which the Initial Term and any Additional Term is in effect, Provider, and any Subcontractor at any tier, shall provide their covered Employees with an hourly wage, excluding benefits, that is no less than the result of multiplying $12 by the then current Consumer Price Index Multiplier (CPI Multiplier) as annually adjusted. For purposes of determining the minimum hourly wage required, the CPI Multiplier is calculated annually by the City's Director of Finance by dividing the most recently published Consumer Price Index for all Urban Consumers All Items Index for Philadelphia, Pennsylvania, by the most recently published Consumer Price Index for all Urban Consumers (CPI-U). The then current minimum hourly wage applicable to City contractors and subcontractors will be posted on the City's website. As of January 1, 2017 that wage is $12.10 per hour.

## (2) **Minimum Benefits**

(a) To the extent an Employer provides health benefits to any of its employees, then absent a waiver, during the Initial Term and any Additional Term, in addition to any applicable state and federal requirements, such Employer shall provide each full-time, non-temporary, non-seasonal covered Employee with health benefits at least as valuable as the least valuable health benefits that are provided to any other full-time employees of the Employer; and

(b) provide to each full-time, non-temporary, non-seasonal covered Employee at least the minimum number of earned sick leave days required by Code Section 17-1305(2).

## (3) **Change in Law**

(c) Generally. Chapter 17-1300 of the Philadelphia Code requires that employers pay the higher of either: 150% of the federal minimum wage, or $12 multiplied by the CPI Multiplier. To the extent a

change in law would require an increase in wages or benefits under Chapter 17-1300 (for example, an increase in the federal minimum wage to $9.00/hour, which would increase the required City minimum wage to $13.50 due to the Chapter's requirement of 150% of the federal minimum wage), such new requirement will take effect only at the start of an Additional Term, if any, commencing on or after the date of the new legal requirement.

(b) If covered, absent a waiver, Provider shall promptly provide to the City all documents and information as the City may require verifying its compliance, and that of all Service Contractors providing Services under the Contract, with the requirements of Chapter 17-1300. Each covered Service Contractor shall notify each affected Employee what wages and benefits are required to be paid pursuant to Chapter 17-1300.

(c) Absent a waiver, a Provider subject to Chapter 17-1300 shall comply with all of its requirements as they exist on the date when the Provider entered into this Contract with the City or into an amendment thereto. Provider shall take such steps as are necessary to notify its Subcontractors of these requirements, and to cause such Subcontractors to notify lower-tier Subcontractors that are Service Contractors of these requirements, including, without limitation, by incorporating this Section 15.10, with appropriate adjustments for the identity of the parties, in its Subcontracts with such Subcontractors. A Provider or Subcontractor at any tier subject to Chapter 17-1300 that fails to comply with these provisions may, after notice and hearing before the Director of Finance or such other officer or agency designated by the Mayor, be suspended from receiving financial assistance from the City or from bidding on and/or participating in future City contracts, whether as a prime contractor or a Subcontractor, for up to three (3) years. City Council may also initiate a similar suspension or debarment process. Such suspension or debarment shall be in addition to any of the other sanctions or remedies set forth in Chapter 17-1300 or this Contract.

(d) Without limiting the applicability of Articles XI (Events of Default) and XII (Remedies) above, Provider's failure to comply, or the failure of Subcontractors at any tier to comply, with the requirements of Chapter 17-1300 shall constitute a substantial breach of this Contract entitling the City to all rights and remedies provided in this Contract or otherwise available at law or in equity.

(e) Provider's covered Employees shall be deemed third-party beneficiaries of Provider's representation, warranty, and covenant to the City under this Section 15.10 only, and the covered Employees of a Subcontractor at any tier that is also a covered Employer performing Services directly or

indirectly under a Subcontract at any tier shall be deemed third-party beneficiaries of their Employer's representation, warranty and covenant to Provider or such Subcontractors at any tier, as the case may be, under this Section.

(f)     The City may grant a partial or total waiver of Chapter 17-1300 based on specific stipulated reasons elaborated in Section 17-1304 of the Code. An overview offering guidance on the applicability of, and requirements placed on City contractors and Subcontractors by Chapter 17-1300 of the Code is available on the City's website at https://secure.phila.gov/eContract/ under the "About" link; see "Minimum Wage and Equal Benefits Ordinances Impacting Some City Contractors."

15.11    **Chapter 17-1400 of the Philadelphia Code: Contributions and Other Mandatory Disclosures.**

(a)     Provider confirms on behalf of itself and its Subcontractor(s) that no contribution(s) have been made, and agrees that none shall be made during the Term of this Contract, and any Additional Term, by Provider, any Subcontractor, or any party from which a contribution can be attributed to the Provider or Subcontractor, that would render the Provider or Subcontractor, as applicable, ineligible to apply for or enter into a Non-Competitively Bid Contract under the provisions of Code Sections 17-1404(1) and 17-1405; and that disclosures made as part of its application to receive a Non-Competitively Bid Contract contain no material misstatements or omissions. Breach of this covenant shall constitute an event of default and render the Contract voidable at the City's option, and, as to contributions attributable to Provider, shall make the Provider liable for liquidated damages to the City in the amount of ten percent (10%) of the maximum payments to the Provider allowed under the Contract, regardless whether actually paid. The City may exercise any or all of the remedies set forth in this Section 15.11 (Contributions and Other Mandatory Disclosures), each of which may be pursued separately or in conjunction with such other remedies as the City in its sole discretion shall determine. No extension or indulgence granted by the City to Provider shall operate as a waiver of any of the City's rights in connection with this Contract. The rights and remedies of the City as described in this Section 15.11 and as described elsewhere in this Contract shall not be exclusive and are in addition to any other rights or remedies available to the City under this Contract at law or in equity.

(b)     Provider shall, during the term of the Contract, and any Additional Term, and for one year thereafter, disclose any contribution of money or in-kind assistance the Provider, or any Subcontractor or Consultant utilized by

Provider in connection with this Contract, has made, or any individual or entity has made if such contributions can be attributed to Provider, or such Subcontractor or Consultant pursuant to the attribution rules of Section 17-1405, during such time period to a candidate for nomination or election to any public office in the Commonwealth of Pennsylvania or to an individual who holds such office, or to any political committee or state party in the Commonwealth of Pennsylvania, or to any group, committee or association organized in support of any such candidate, office holder, political committee or state party, and the date and amount of such contribution.

(1)     It shall not be a violation of Section 15.11(b) if Provider fails to disclose a contribution made by a Consultant because the Provider was unable to obtain such information from the Consultant, provided the Provider demonstrates that it used reasonable efforts to attempt to obtain such information, including, at a minimum:

        (a)     Entering into a written agreement with the Consultant for such Consultant's services, before the filing of the application for the Contract, and before the Consultant communicated with a City department or office, official or employee on behalf of the Provider;

        (b)     Including in such agreement a provision requiring the Consultant to provide the Provider in a timely manner with all information required to be disclosed under the provisions of Chapter 17-1400 of the Code, and providing, in effect, that the agreement will be terminated by the Provider if the Consultant fails to provide all required information on a timely basis and that no further payments, including payments owed for services performed prior to the date of termination, will be made to the Consultant by or on behalf of the Provider as of the date of such termination;

        (c)     Communicating regularly with the Consultant concerning the Consultant's obligations to provide timely information to permit the Provider to comply with the provisions of Chapter 17-1400; and

        (d)     Invoking the termination provisions of the written agreement in a full and timely manner.

(c)     The Provider shall, during the Term of the Contract, an any Additional Term, and for one year thereafter, disclose the name and title of each City

officer or employee who, during such time period, asked the Provider, any officer, director or management employee of the Provider, or any Person representing the Provider, to give money, services, or any other thing of value (other than a Contribution as defined in Section 17-1401) to any Person, and any payment of money, provision of services, or any other thing of value (other than a Contribution as defined in Section 17-1401) given to any Person in response to any such request. The Provider shall also disclose the date of any such request, the amount requested, and the date and amount of any payment made in response to such request.

(d)     The Provider shall, during the Term, and any Additional Term, of the Contract, disclose the name and title of each City officer or employee who directly or indirectly advised the Provider, any officer, director or management employee of the Provider, or any Person representing the Provider that a particular Person could be used by the Provider to satisfy any goals established in the Contract for the participation of minority, women, disabled or disadvantaged business enterprises. The Provider shall also disclose the date the advice was provided, and the name of such particular Person.

(e)     The disclosures required by Sections 15.11(b), (c) and (d) shall be made utilizing the online disclosure update process through Provider's eContract Philly account which can be accessed on the City's website at www.phila.gov/contracts by clicking on eContract Philly. Such disclosures shall be made within five (5) business days of the action or event requiring Provider to update its disclosures. In the case of updates to political contributions made by Provider required by Section 15.11(b), the attribution rules of Section 17-1405 shall apply to determine what contributions must be disclosed under this provision as contributions of the Provider or of a Consultant. Provider is advised that any individual who submits an update on eContract Philly must be an authorized signatory of the Provider, authorized to make the required updated disclosures.

(f)     Reports generated automatically by the online process for the updated disclosures required by Sections 15.11(b), (c) and (d) will be automatically forwarded to the President and Chief Clerk of Council, and to the Mayor, Director of Finance, Procurement Department, and the Department of Records.

### 15.12 **Executive Order 10-16: Gifts.**

(a) Pursuant to Executive Order 10-16, no City officer or employee may accept or receive a payment, subscription, advance, forbearance, rendering or deposit of money, services, entertainment, invitation, food, drink, travel, lodging or anything of value, unless consideration of equal or greater value is conveyed in return, from any person who, at time or within 12 months preceding the time a gift is received:

   1) Is seeking, or has sought, official action from the officer or employee;

   2) has operations or activities regulated by the officer's or employee's agency, department, office, board or commission, or, in the case of gifts to members of the Mayor's Cabinet, has operations or activities that are regulated by any agency, department, office, board or commission within the Executive and Administrative branch; or

   3) has a a financial or other substantial interest in acts or omissions taken by the officer or employee, which the officer or employee is able to substantially affect by his or her official action.

(b) Additionally, no City officer or employee shall accept or receive a gift of any value from any person that engages in lobbying on behalf of a principal for economic consideration, and is registered as such, pursuant to the requirements of Section 20-1202 of The Philadelphia Code, including any attorney at law while engaged in lobbying.

(c) Provider understands and agrees that if it offers anything of value to a City official or employee under circumstances where the receipt of such item would violate the provisions of this Executive Order, Provider shall be subject to sanctions with respect to future City contracts. Such sanctions may range from disqualification from participation in a particular contract to debarment, depending on the nature of the violation.

(d) All City employees presented with gifts or gratuities as indicated in Executive Order 10-16 have been instructed to report these actions to the appropriate authorities. All Providers, who are solicited for gifts or gratuities by City employees are urged to report these incidents to the appropriate authorities, including but not limited to, the Office of the Inspector General.

### 15.13 Chapter 17-1900 of the Philadelphia Code: Equal Benefits Ordinance.

(a) Unless Provider is a government agency, this is a "Service Contract" as that term is defined in Section 17-1901(4) of the Code. If the Service Contract is in an amount in excess of $250,000, then pursuant to Chapter 17-1900 of the Code, Provider shall, for any of its employees who reside in the City, or any of its employees who are non-residents subject to City wage tax under Section 19-1502(1)(b) of the Code, extend the same employment benefits the Provider extends to spouses of its employees to life partners of such employees. Provider certifies that (i) it is in compliance with the requirements of Chapter 17-1900, (ii) its employees have been notified of the employment benefits available to life partners pursuant to Chapter 17-1900, and (iii) such employment benefits are currently, or will be made available within the time required by Section 17-1902(2), or that the Provider does not provide employment benefits to the spouses of married employees.

(b) Provider acknowledges and agrees that the following terms are included in this Contract:

    (1) Provider shall notify its employees of the employment benefits available to life partners pursuant to Chapter 17-1900 of the Code.

    (2) Noncompliance by the Provider with the requirements of Chapter 17-1900 of the Code shall be a material breach of this Contract.

    (3) Discrimination or retaliation by the Provider against any employee on account of having claimed a violation of Chapter 17-1900 shall be a material breach of this Contract.

    (4) In addition to any other rights and remedies available to the City pursuant to this Contract at law or in equity, a material breach of this Contract related to Chapter 17-1900 may result in the suspension or debarment of Provider from participating in City contracts for up to three (3) years.

(c) An overview offering guidance on the applicability of, and requirements placed on City contractors by Chapter 17-1900 of the Code is available on the City's website (at https://secure.phila.gov/eContract/ under the "About" link) (see "Minimum Wage and Equal Benefits Ordinances Impacting Some City Contractors").

DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C

## ARTICLE XVI: MISCELLANEOUS

16.1 **Governing Law.** This Contract shall be deemed to have been made in Philadelphia, Pennsylvania. This Contract and all disputes arising under this Contract shall be governed, interpreted, construed and determined in accordance with the laws of the Commonwealth of Pennsylvania, without giving effect to principles of Pennsylvania law concerning conflicts of laws.

16.2 **Amendments; Waiver.** Except as provided in Section 6.9 (Maximum Daily Rate, Days of Care or Units of Service) above, this Contract may not be amended, supplemented, altered, modified or waived, in whole or in part, except by a written Amendment signed by the Parties. Except to the extent that the Parties may have otherwise agreed in writing in an Amendment, no waiver, whether express or implied, by either Party of any provision of this Contract shall be deemed: (a) to be a waiver by that Party of any other provision in this Contract; (b) to be a waiver by that Party of any breach by the other Party of its obligations under this Contract; or (c) a course of conduct, dealing or performance with respect to any other matter arising hereunder. Any forbearance by a Party in seeking a remedy for any noncompliance or breach by the other Party shall not be deemed to be a waiver of rights and remedies with respect to such noncompliance or breach.

16.3 **Integration.** The Contract Documents forming this Contract, including the Provider Agreement and the General Provisions and the exhibits incorporated by reference therein, contain all the terms and conditions agreed upon by the Parties, constitute the entire agreement among the Parties pertaining to the subject matter hereof, and supersede all prior agreements, understandings, negotiations and discussions, whether oral or written, of the Parties (except to the extent specifically set forth herein). No other prior or contemporaneous agreements, covenants, representations or warranties, oral or otherwise, regarding the subject matter of this Contract shall be deemed to exist or to bind any Party or to vary any of the terms contained in this Contract.

16.4 **No Joint Venture.** The Parties do not intend to create, and nothing contained in this Contract shall be construed as creating, a joint venture arrangement or partnership between the City and Provider with respect to the Services or the Materials.

16.5 **No Third Party Beneficiaries.** Nothing in this Contract, express or implied, is intended or shall be construed to confer upon or give to any Person, other than the Parties, any rights, remedies, or other benefits, including but not limited to third-party beneficiary rights, under or by reason of this Contract. This Contract shall not provide any third party with any remedy, claim, liability, reimbursement, cause of action or other right other than any such remedy, claim, etc. existing without reference to the term of or the existence of this Contract.

16.6 **Counterparts.** This Contract may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

16.7 **Severability and Partial Invalidity.** The provisions of this Contract shall be severable. If any provision of this Contract or the application thereof for any reason or in any circumstance shall to any extent be held to be invalid or unenforceable, the remaining provisions of this Contract and the application of such provision to Persons, or circumstances, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Contract shall be valid and enforceable to the fullest extent permitted by law.

16.8 **Survival.** Any and all provisions set forth in this Contract which, by its or their nature, would reasonably be expected to be performed after the termination of this Contract or are expressly stated as surviving or intended to survive, shall survive and be enforceable after such termination. Any and all liabilities, actual or contingent, which have arisen in connection with this Contract shall survive the expiration or earlier termination of this Contract, including without limitation: Provider's representations, warranties and covenants set forth in Article IV (Provider's Representations and Covenants) above; Provider's obligation to indemnify, defend and hold harmless the City, its officers, employees and agents as set forth in Section 9.2 (Indemnification) above; and the Parties' rights and obligations set forth in Article XI (Ownership of Materials; Proprietary Information; Confidentiality) above.

16.9 **Determination of Disputes.** Any dispute arising between the City and Provider under or with respect to either Party's covenants, obligations, powers, rights or duties under this Contract shall be submitted to and decided by the Commissioner or his or her designee. The Commissioner or his or her designee shall render and reduce to writing his or her decision, and furnish a copy to Provider by notice under this Contract. In connection with any dispute under this Contract, the Commissioner shall offer Provider an opportunity to offer evidence in support of its position concerning the subject matter of the dispute. This Section shall not be construed to limit the benefit to the City of Articles XII (Events of Default) or XIII (Remedies) above.

16.10 **Interpretation; Order of Precedence.** In the event of a conflict or inconsistency between the terms of the Contract Documents, the terms of the General Provisions shall govern, followed by the terms of the Provider Agreement, and lastly by any exhibit, attachment, or other document incorporated by reference into the Contract. The foregoing notwithstanding, the Provider Agreement may expressly supersede, create exception to, or otherwise modify the General Provisions by specific reference thereto in a section of the Provider Agreement created and labeled for such purpose.

16.11 **Headings.** The titles, captions or headings of Articles, Sections and Exhibits or schedules in this Contract are inserted for convenience of reference only; do not

DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C

in any way define, limit, describe or amplify the provisions of this Contract or the scope or intent of the provisions, and are not a part of this Contract.

16.12 **Statutory and other Citations.** All statutory or other citations of law referenced in the Contract shall refer to the statute referenced, as it may be amended or superseded from time to time.

16.13 **Days.** Any references to a number of days in this Contract shall mean calendar days unless this Contract specifies business days.

16.14 **Forum Selection Clause; Consent to Jurisdiction.** The Parties irrevocably consent and agree that any lawsuit, action, claim, or legal proceeding involving, directly or indirectly, any matter arising out of or related to this Contract, or the relationship created or evidenced thereby, shall be brought exclusively in the United States District Court for the Eastern District of Pennsylvania or the Court of Common Pleas of Philadelphia County. It is the express intent of the Parties that jurisdiction over any lawsuit, action, claim, or legal proceeding shall lie exclusively in either of these two (2) forums. The Parties further irrevocably consent and agree not to raise any objection to any lawsuit, action, claim, or legal proceeding which is brought in either of these two (2) forums on grounds of venue or *forum non conveniens*, and the Parties expressly consent to the jurisdiction and venue of these two (2) forums. The Parties further agree that service of original process in any such lawsuit, action, claim, or legal proceeding may be duly effected by mailing a copy thereof, by certified mail, postage prepaid to the addresses specified in Section 5.1 Notice of the Provider Agreement.

16.15 **Waiver of Jury Trial.** Provider hereby waives trial by jury in any legal proceeding in which the City is a party and which involves, directly or indirectly, any matter (whether sounding in tort, contract or otherwise) in any way arising out of or related to this Contract or the relationship created or evidenced hereby. This provision is a material consideration upon which the City relied in entering into this Contract.

16.16 **Notices.** All notices, demands, requests, waivers, consents, approvals or other communications which are required or may be given under this Contract shall be in writing and shall be deemed to have been duly made (a) on the date received or refused if delivered by hand with receipt given or refused; (b) on the next business day if delivered by a nationally recognized overnight courier service (*e.g.*, Federal Express or United Parcel Service); (c) on the date confirmed for reciept by facsimile if delivered by facsimile; (d) on the date of receipt or refusal of delivery if sent by certified or registered United States mail, return receipt requested;or (e) on the date confirmed for receipt by electronic mail if delivered by electronic mail. In each case notices shall be sent to the addresses set forth in Section 5.1 of the Provider Agreement, or to such other address as either Party may specify to the other by a notice complying with the terms of this Section 16.16.

16.17 **E-signatures**. DHS is increasing its administrative efficiency through the use of electronic signature technology.

    (a)    **Technology Changes.** As updates become necessary, the Department will continue to notify providers of technology requirement changes through the use of the Department Extranet and/or any other established means of communication identified by the Department.

    (b)    **Electronic Submissions.** Submission of electronic invoices and documents shall be considered binding and have the full and same effect as a signed paper submission. By submitting an invoice or document electronically Provider certifies that the information in that invoice or document is true and correct to the best of Provider's knowledge, information, and belief, and that the submission constitutes Provider's signature and certification as if it were physically written.

    (c)    **Breach.** Failure to comply with any DHS e-signature technology requirements (including, but not limited to the use of www.phila.gov/contracts and eContract Philly) may result in a financial penalty and/or a finding that an Event of Default has occurred.

DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C



## Catholic Social Services
### ARCHDIOCESE OF PHILADELPHIA

*Catholic Social Services of the Archdiocese of Philadelphia
continues the work of Jesus by affirming, assisting, and
advocating for individuals, families and communities.*

**PROVIDING HELP • CREATING HOPE**

June 27, 2017

The Board of Catholic Social Services has granted approval for the following individuals to sign contracts.

| | | |
|---|---|---|
| James Amato | Secretary for Catholic Human Services | jamato@chs-adphila.org |
| Franz Fruehwald | Chief Financial Officer | ffruehwald@chs-adphila.org |

Sincerely,

Gary Miller
Controller

Compassion • Charity • Dignity • Justice • Excellence

Financial Affairs • 222 N. 17th Street • Philadelphia, PA 19103 • 215-587-3900 • 215-587-3867 (fax)

DocuSign Envelope ID: 421E34E1-1109-43FD-9478-27B82F8F845C

## CONTRACT SUMMARY AND ENDORSEMENT

TO THE LAW DEPARTMENT: The attached bid and award described below is referred to you for certification as to form, and where annual surety bond is on file, to have Contractor post satisfactory bond.

| CONTRACTOR | FINANCE CONTR. NO. | LAW DEPT. NO. |
|---|---|---|
| Catholic Social Services | 16 20030 | 16 20030 04 |
| | AMT. OF CONTRACT | ANN. SURETY BOND |
| | $43,178,007.23 | |
| DESCRIPTION  Placement Services | PERIOD COVERED | 7/1/2015 - 6/30/2018 |

### ENDORSEMENT

| OFFICE OF THE DIRECTOR OF FINANCE-ACCOUNTING DIVISION | OFFICE OF THE CITY CONTROLLER |
|---|---|
| Examined: Pat Preston    ᴾᴾ    9-1-17 | Examined: |
| (For the Director of Finance)        (Date) | (For the City Controller)        (Date) |

This contract approved as to availability of funds under the budget and appropriations pursuant to section 8-200 (2) (d) of the Home Rule Charter.

*Abdul P Hali*        09-19-17

| (For the Director of Finance)        (Date) | (For the City Controller)        (Date) |
|---|---|

| DOCUMENT NO. | ACCOUNT CODE | | | | | DEPARTMENT OR AGENCY | AMOUNT CHARGEABLE TO ACCOUNT |
|---|---|---|---|---|---|---|---|
| | FUND | DEPT | ELEMENT | SUB ELEMENT | CLASS | | |
| | | | | | | Previously Encumbered | $23,022,293.80 ✓ |
| MDXX18000210 01 | 080 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | $4,534,945.29 |
| MDXX18000210 02 | 080 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | $133,513.41 |
| MDXX18000210 03 | 080 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | $3,300,925.60 |
| MDXX18000210 04 | 010 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | $1,051,791.92 |
| MDXX18000298 01 | 080 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | $2,120,584.00 |
| MDXX18000298 02 | 080 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | $105,936.00 |
| MDXX18000298 03 | 080 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | $5,243,578.00 |
| MDXX18000298 04 | 010 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | $2,939,717.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | TOTAL | $42,453,285.02 |

Partial Certification.
Contract increased to $43,178,007.23.
Contract extended to 6/30/2018.

*Amendment*

Page 1 of 1

71-361

DocuSign Envelope ID: 421E34E1-1109-43FD-9476-27B82F8F845C

| CONTRACT SUMMARY AND ENDORSEMENT | | | | | | DATE 09/18/17 | |

TO THE LAW DEPARTMENT: The attached bid and award described below is referred to you for certification as to form, and where annual surety bond is on file, to have Contractor post satisfactory bond.

| CONTRACTOR | FINANCE CONTR. NO. | LAW DEPT. NO. |
|---|---|---|
| Catholic Social Services | 16 20030 | 16 20030 04 |
| | AMT. OF CONTRACT | ANN. SURETY BOND |
| | $43,178,007.23 | |
| DESCRIPTION  Placement Services | PERIOD COVERED | 7/1/2015 - 6/30/2018 |

## ENDORSEMENT

| OFFICE OF THE DIRECTOR OF FINANCE-ACCOUNTING DIVISION | OFFICE OF THE CITY CONTROLLER |
|---|---|
| Examined: | Examined: |
| Pat Preston           PP    09/15/17 | |
| (For the Director of Finance)          (Date) | (For the City Controller)          (Date) |

This contract approved as to availability of funds under the budget and appropriations pursuant to section 8-200 (2) (d) of the Home Rule Charter.

| _Abdul P Hali_     09-18-17 | |
|---|---|
| (For the Director of Finance)          (Date) | (For the City Controller)          (Date) |

| DOCUMENT NO. | ACCOUNT CODE | | | | | DEPARTMENT OR AGENCY | AMOUNT CHARGEABLE TO ACCOUNT |
|---|---|---|---|---|---|---|---|
| | FUND | DEPT | ELEMENT | SUB ELEMENT | CLASS | | |
| | | | | | | Previously Encumbered | $23,365,446.24 ✓ |
| MDXX16000054 01 | 080 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | ($83,716.94) JE |
| MDXX16000054 02 | 080 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | ($26,672.20) JE |
| MDXX16000054 03 | 080 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | ($208,735.91) JC |
| MDXX16000054 04 | 010 | 22 | 47 | 01 | 0290 | HUMAN SERVICES | $10,633.65 JE |
| MDXX16000143 01 | 080 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | ($36,811.93) JE |
| MDXX16000143 02 | 080 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | ($1,083.75) JE |
| MDXX16000143 03 | 080 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | ($36,739.31) JE |
| MDXX16000143 04 | 010 | 22 | 49 | 01 | 0290 | HUMAN SERVICES | $39,973.95 JE |
| | | | | | | | |
| | | | | | | | |
| | | | | | | TOTAL | $23,022,293.80 |

Partial Certification.
Contract increased to $43,178,007.23.
Contract extended to 6/30/2018.

Page 1 of 1

71-361



## Certificate Of Completion

Envelope Id: 421E34E1110943FD947827B82F8F845C
Subject: Contract #16-20030-04 Catholic Social Services 290 SAA (Corp)
Source Envelope:
Document Pages: 118                Signatures: 4
Supplemental Document Pages: 0     Initials: 0
Certificate Pages: 4
AutoNav: Enabled                   Payments: 0
EnvelopeId Stamping: Enabled
Time Zone: (UTC-05:00) Eastern Time (US & Canada)

Status: Completed

Envelope Originator:
City of Philadelphia - Department of Human Services

City Hall, Room 215
Philadelphia, PA 19107
dhs.contractinitiation@phila.gov
IP Address: 170.115.248.25

## Record Tracking

Status: Original
8/15/2017 12:03:55 PM

Holder: City of Philadelphia - Department of Human Service
dhs.contractinitiation@phila.gov

Location: DocuSign

## Signer Events

| Signer Events | Signature | Timestamp |
|---|---|---|
| James Amato<br>Jamato@chs-adphila.org<br>Security Level: Email, Account Authentication (None), Access Code | *[signature] Jean Amato*<br>6C5D4822566447D...<br>Using IP Address: 72.237.20.231 | Sent: 8/15/2017 12:06:38 PM<br>Viewed: 8/15/2017 1:02:04 PM<br>Signed: 8/16/2017 12:41:46 PM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 8/2/2017 1:08:41 PM<br>ID: 5b7f8f70-14ba-4dd4-8743-90cc1f43b2ca | | |
| Franz Fruehwald<br>ffruehwald@chs-adphila.org<br>Security Level: Email, Account Authentication (None), Access Code | *[signature] Franz Fruehwald*<br>D48832A4433404...<br>Using IP Address: 72.237.20.231 | Sent: 8/16/2017 12:41:49 PM<br>Viewed: 8/16/2017 1:46:28 PM<br>Signed: 8/16/2017 1:47:38 PM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 8/10/2017 4:43:08 PM<br>ID: 1af965ac-0460-43dc-8d54-7d8ebc90dd1b | | |
| Terri Scarbo<br>Terri.Scarbo@phila.gov<br>Security Level: Email, Account Authentication (None) | **Completed**<br>Using IP Address: 170.115.248.24 | Sent: 8/16/2017 1:47:42 PM<br>Viewed: 8/16/2017 2:00:24 PM<br>Signed: 8/16/2017 2:01:13 PM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 8/16/2017 2:00:24 PM<br>ID: a75eb74a-1ee3-468e-9d9a-e3bce956262b | | |
| Crystal T. Espanol<br>Crystal.Espanol@phila.gov<br>Security Level: Email, Account Authentication (None) | *[signature] Crystal T. Espanol*<br>7777B8C8F7E44C9...<br>Using IP Address: 170.115.248.25 | Sent: 8/16/2017 2:01:16 PM<br>Viewed: 8/18/2017 9:54:00 AM<br>Signed: 8/18/2017 10:04:54 AM |
| **Electronic Record and Signature Disclosure:**<br>Accepted: 12/1/2016 6:25:47 PM<br>ID: d0cdd1ca-dfd6-4d41-ab14-e1ecc0ad6da9 | | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Finance ContractCertification | **Completed** | Sent: 8/18/2017 10:04:57 AM |
| Finance,ContractCertification@phila.gov | | Viewed: 9/15/2017 3:22:07 PM |
| Security Level: Email, Account Authentication (None) | Using IP Address: 170.115.248.25 | Signed: 9/19/2017 1:57:04 PM |

Electronic Record and Signature Disclosure:
Accepted: 9/19/2017 1:51:12 PM
ID: 78d572d1-9af6-4f15-9404-e43b371a878f

| | | Sent: 9/19/2017 1:57:08 PM |
|---|---|---|
| Jacqueline Dunn | **Completed** | Viewed: 9/19/2017 6:18:26 PM |
| Jacqueline.Dunn@phila.gov | | Signed: 9/19/2017 6:18:32 PM |
| City of Philadelphia | Using IP Address: 170.115.248.25 | |
| Security Level: Email, Account Authentication (None) | | |

Electronic Record and Signature Disclosure:
Not Offered via DocuSign

| | | Sent: 9/19/2017 6:18:35 PM |
|---|---|---|
| Cynthia Figueroa | *Cynthia Figueroa* | Viewed: 9/20/2017 2:08:49 PM |
| cynthia.figueroa@phila.gov | A9C326E42A163469... | Signed: 9/20/2017 2:09:25 PM |
| Security Level: Email, Account Authentication (None) | | |
| | Using IP Address: 170.115.248.24 | |

Electronic Record and Signature Disclosure:
Not Offered via DocuSign

| | | Sent: 9/20/2017 2:09:29 PM |
|---|---|---|
| Terri Scarbo | **Completed** | Viewed: 9/20/2017 2:26:05 PM |
| Terri.Scarbo@phila.gov | | Signed: 9/20/2017 2:26:06 PM |
| Security Level: Email, Account Authentication (None) | Using IP Address: 170.115.248.24 | |

Electronic Record and Signature Disclosure:
Accepted: 9/20/2017 2:26:05 PM
ID: 6d0bb28e-44c6-47ea-a692-fe4d7b5c47b1

| | | Sent: 9/20/2017 2:26:11 PM |
|---|---|---|
| Kathleen Rush | **Completed** | Viewed: 9/20/2017 2:44:44 PM |
| Kathleen.Rush@phila.gov | | Signed: 9/20/2017 2:47:08 PM |
| Security Level: Email, Account Authentication (None) | Using IP Address: 170.115.248.24 | |

Electronic Record and Signature Disclosure:
Accepted: 2/16/2017 8:26:55 AM
ID: 0dce6c59-8808-429a-a117-b2f1e6a3bb27

| In Person Signer Events | Signature | Timestamp |
|---|---|---|
| **Editor Delivery Events** | **Status** | **Timestamp** |
| **Agent Delivery Events** | **Status** | **Timestamp** |
| **Intermediary Delivery Events** | **Status** | **Timestamp** |
| **Certified Delivery Events** | **Status** | **Timestamp** |
| **Carbon Copy Events** | **Status** | **Timestamp** |

| Terri Scarbo | **COPIED** | Sent: 8/15/2017 12:06:37 PM |
|---|---|---|
| Terri.Scarbo@phila.gov | | |
| Security Level: Email, Account Authentication (None) | | |

Electronic Record and Signature Disclosure:

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

Accepted: 8/16/2017 2:00:24 PM
ID: a75eb74a-1ee3-468e-9d9a-e3bce956282b

Kumar Roy
kumar.roy@phila.gov
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

**COPIED**

Sent: 8/16/2017 1:47:41 PM
Viewed: 8/16/2017 1:54:17 PM

Rita Cairy
rita.cairy@phila.gov
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

**COPIED**

Sent: 8/16/2017 1:47:41 PM

Carolyn Pownall
Carolyn.Pownall@phila.gov
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

**COPIED**

Sent: 9/20/2017 2:47:11 PM
Viewed: 9/20/2017 3:45:58 PM

Controller Contracts
Controller.Contracts@phila.gov
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

**COPIED**

Sent: 9/20/2017 2:47:11 PM

Linda Chaney
linda.chaney@phila.gov
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

**COPIED**

Sent: 9/20/2017 2:47:11 PM

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 9/20/2017 2:47:12 PM |
| Certified Delivered | Security Checked | 9/20/2017 2:47:12 PM |
| Signing Complete | Security Checked | 9/20/2017 2:47:12 PM |
| Completed | Security Checked | 9/20/2017 2:47:12 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

This Electronic Records and Signature Disclosure is provided by the City of Philadelphia in connection with a pending electronic transaction. Any party proceeding with such electronic transaction is deemed to have consented i) to conduct the transaction by electronic means; and ii) where execution of an agreement is required, to the use of electronic signatures using the method provided in the agreement. Questions regarding this Electronic Records and Signature Disclosure should be addressed to econtractphilly@phila.gov.