# Exhibit F



**CITY OF PHILADELPHIA**

COMMISSION ON HUMAN RELATIONS
601 Walnut Street, Suite 300 South
Philadelphia, PA 19106
Telephone (215) 686-4670
Fax (215) 686-4684

THOMAS H. EARLE, ESQUIRE
Chairperson

RUE LANDAU, ESQUIRE
Executive Director

May 7, 2018

Mark Rienzi
President
The Becket Fund for Religious Liberty
1200 New Hampshire Ave., NW, Suite 700
Washington, D.C. 20036
<u>Via First Class Mail and Email</u>

Dear Mr. Rienzi:

Thank you for your letter of April 18, 2018. The Department of Human Services ("DHS") will respond separately through the Law Department to the issues you raised concerning the contract between Catholic Social Services ("CSS") and DHS. We are writing to address your statements regarding the jurisdiction of Philadelphia Commission on Human Relations ("PCHR").

The purpose of the Philadelphia Fair Practices Ordinance ("FPO") is to assure that all persons are afforded equal opportunities for employment, housing, and the use of public accommodations such as CSS. Philadelphia Code §9-1101(1)(a) and (e). PCHR initiated this investigation at the request of the Mayor and pursuant to its authority under the Home Rule Charter, the Fair Practices Ordinance, and its governing regulations in order to determine if CSS is engaged in discriminatory practices. *See* PCHR Regulation No. 2.1. Pennsylvania Courts have deferred to agencies like PCHR in determining the extent of their jurisdiction and permitted the due course of administrative actions. *See Chestnut Hill College*, 158 A.3d 251, 257-58 (Pa. Cmwlth. 2017), *alloc. den.*, 173 A.3d 262 (Pa. 2017).

CSS' provision of services to children in foster care and to their foster parents under that contract is a public accommodation under § 9-1102(w) of the FPO, and therefore within the jurisdiction of the PCHR. Your citation to *Roman Catholic Archdiocese of Philadelphia v. Pa. Human Rel. Comm'n.*, 548 A.2d 328 (Pa. Cmwlth. 1988) and assertion that CSS is "distinctly private" do not alter this conclusion.

First, unlike the PHRA, the FPO does not contain an exception for "distinctly private" entities.

Second, your April 18 letter, as well as CSS's own website, demonstrate that that the provision of services to children in foster care and to their foster parents is a public accommodation. Your letter states that CSS "serves and places children regardless of their race, color, sex, sexual orientation, gender identity, religion, national origin…" pursuant to its contract with the City. The very nature of this process requires CSS to identify, recruit, certify, select, and

provide training, payment and services to the individuals and families who foster these children. *See* Professional Services Contract General Provisions Article V. Indeed, the CSS Philadelphia website invites members of the public to contact CSS to become potential foster parents. *See* https://cssphiladelphia.org/adoption/.

Third, the Commonwealth Court's recent opinion in *Chestnut Hill College* makes plain that a discrimination claim alleged against a Catholic-affiliated entity does not involve a matter of purely ecclesiastical concern, and therefore, religiously affiliated institutions like Chestnut Hill College (and also CSS) fall within the jurisdiction of the investigating agency. 158 A.3d 251, 259-60 (Pa. Cmwlth. 2017); *see also, O'Connor v. Archdiocese of Philadelphia*, 975 A.2d 1084, 1106-09 (Pa. 2009) (finding Archdiocese was not exempt from parents' claims that their child had been unfairly disciplined by the school).

As we explained in our March 16, 2018 correspondence, any potential violation of the FPO falls under the jurisdiction of PCHR. Therefore, we reiterate the request for information set forth in that letter and ask that you respond within ten days of this letter to avoid the issuance of a subpoena.

Sincerely,

Rue Landau, Esquire
Executive Director

Thomas H. Earle, Esquire
Chairperson

cc: Marcel S. Pratt, City Solicitor
Cynthia Figueroa, DHS Commissioner