# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONELL FULTON, CECELIA PAUL, TONI LYNN SIMMS-BUSCH, and CATHOLIC SOCIAL SERVICES,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>CITY OF PHILADELPHIA, DEPARTMENT OF HUMAN SERVICES FOR THE CITY OF PHILADELPHIA, and PHILADELPHIA COMMISSION ON HUMAN RELATIONS,<br><br>    *Defendants*. | Civil Action No. 18-2075<br><br>Assigned to the Honorable Judge Tucker |

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a) and E.D. Pa. L. Civ. R. 7, Plaintiffs Sharonell Fulton, Cecelia Paul, Toni Simms-Busch, and Catholic Social Services move for a temporary restraining order and preliminary injunction prohibiting Defendants from burdening their religious exercise and free speech or from discriminating against them in the provision of foster care services. In support of this motion, and as further explained in the attached memorandum in support, Plaintiffs state the following:

1.  Plaintiff Catholic Social Services provides foster care services to children in Philadelphia pursuant to a contract with Defendant Department of Human Services of the City of Philadelphia. Plaintiffs Fulton, Paul, and Simms-Busch are foster parents certified by Catholic Social Services.

2.  Plaintiffs have demonstrated a likelihood of success on the merits of their claims under the Pennsylvania Religious Freedom Protection Act, the Free Exercise, Establishment, and Free Speech Clauses of the First Amendment.

1

3.   Absent injunctive relief, Plaintiffs will suffer irreparable harm in the form of deprivation of constitutional rights, the potential loss of current foster children in placement, the loss of necessary support services to help those children, and potential closure of the agency. Plaintiffs are already suffering irreparable harm in the loss of constitutional rights and the inability to serve children by receiving foster care placements.

4.   Plaintiffs require relief on an emergency basis. As described in the accompanying memorandum and declarations, at least one foster child, referred to as Doe Foster Child #1, is currently facing an urgent situation created by the referral stoppage, and Plaintiffs expect that similar situations will continue to arise so long as the unlawful contract suspension continues. Plaintiffs also require emergency relief to prevent the likely closure of their foster care agency and loss of critical support services.

5.   The injunction is in the public interest. Philadelphia is currently experiencing a foster care crisis and needs more families serving at-risk children. Plaintiffs stand ready to meet that need, and have homes that are empty and available to receive new children immediately.  It is in the public interest to serve foster children and to continue a status quo that has existed for many years.

6.   The balance of the equities favors Plaintiffs. Plaintiffs are already experiencing irreparable harm, and that harm will only grow if the City makes it impossible for Catholic Social Services to continue providing foster care services to Philadelphia children. The City has not previously taken adverse action against Catholic Social Services in its many years of contracting with the agency, so cannot claim to be harmed by maintaining the status quo.

7.   Counsel for Plaintiffs contacted counsel for Defendants and advised them of the motion for preliminary injunction, and asked them to resolve the urgent situation involving Doe Foster Child #1, resume foster care referrals, and agree to continue under the existing Contract or enter

into an identical contract, to preserve the status quo during the pendency of this litigation and in order to avoid the necessity of seeking a temporary restraining order or preliminary injunction. Counsel for Defendants would not consent to those terms.

WHEREFORE, Plaintiffs request that this Court enter the following ORDER:

1. The Department of Human Services, its agents, employees, and those acting in concert with it are **ORDERED** to resume providing foster care referrals to Catholic Social Services and permitting children to be placed with the foster families it has certified without delay. This includes, but is not limited to, the placement of the child referred to in the papers as Doe Foster Child #1 with Doe Foster Mother #1.

2. The Department of Human Services, its agents, employees, and those acting in concert with it are **ORDERED** to rescind its prior directive prohibiting any foster care referrals to Catholic Social Services and to resume all dealings with Catholic Social Services on the same terms as they had proceeded prior to March, 2018.

3. The Defendants are **ORDERED** to resume and to continue operating under the current Contract, without breach, termination, or expiration, or to enter into a new Contract identical in all material respects to the current Contract, while this matter remains pending.

4. This temporary restraining order and preliminary injunction shall take effect immediately.

Dated: June 5, 2018                                  Respectfully submitted,


                                                     /s/ Nicholas M. Centrella
                                                     Nicholas M. Centrella
                                                     Conrad O'Brien PC
                                                     1500 Market Street, Suite 3900

3

Philadelphia, PA 19102-2100
Telephone: (215) 864-8098
Facsimile: (215) 864-0798
ncentrella@conradobrien.com

Mark Rienzi*
Lori Windham*
Stephanie Barclay*
Nick Reaves*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

*Counsel for Plaintiffs*
*\*Admission pro hac vice pending*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2018, the foregoing document was filed

pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

/s/ Nicholas M. Centrella
Nicholas M. Centrella