SUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONELL FULTON, CECELIA PAUL, TONI LYNN SIMMS-BUSCH, and CATHOLIC SOCIAL SERVICES,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PHILADELPHIA, DEPARTMENT OF HUMAN SERVICES FOR THE CITY OF PHILADELPHIA, and PHILADELPHIA COMMISSION ON HUMAN RELATIONS,<br><br>*Defendants*. | Civil Action No. 18-2075<br><br>Assigned to the Honorable Judge Tucker |

### [PROPOSED] TEMPORARY RESTRAINING ORDER AND

### PRELIMINARY INJUNCTION ORDER

Pursuant to Federal Rule of Civil Procedure 65(a) and E.D. Pa. L. Civ. R. 7, this Court grants a temporary restraining order and a preliminary injunction to Plaintiffs Sharonell Fulton, Cecelia Paul, Toni Simms-Busch, and Catholic Social Services.

Plaintiffs have demonstrated the following:

1. Plaintiffs have demonstrated a likelihood of success on the merits of their claims under the Pennsylvania Religious Freedom Protection Act ("RFPA"), the Free Exercise, Establishment, and Free Speech Clauses of the First Amendment.

2. In particular, Plaintiffs have demonstrated that they are likely to succeed on the merits of their claim that Defendants' conduct imposes a substantial burden on their religious exercise and is not the least restrictive means of advancing a compelling government interest.  Plaintiffs have also demonstrated that the Defendants have burdened their religious exercise rights through a

practice that is neither neutral nor generally applicable, which impermissibly targets Plaintiffs' religious beliefs, compels Plaintiffs' speech, and retaliates against Plaintiffs for their speech, religious beliefs, conduct, and filing of this lawsuit.

3. Absent injunctive relief, Plaintiffs will suffer irreparable harm in the form of deprivation of constitutional and statutory rights, the potential loss of current foster children in placement, the loss of necessary support services to help those children, loss of the ability to care for additional foster children in need, and potential closure of the agency. Plaintiffs are already suffering irreparable harm in the loss of constitutional and statutory rights and the inability to serve children by receiving foster care placements.

4. The injunction is in the public interest. Philadelphia is currently experiencing a foster care crisis and needs more families serving at-risk children. Plaintiffs stand ready to meet that need, and have homes that are empty and available to receive new children immediately.  It is in the public interest to serve foster children and to continue a status quo that has existed for many years.

5. The balance of the equities favors Plaintiffs. Plaintiffs are already experiencing irreparable harm, and that harm will only grow if the City is permitted to terminate Catholic Social Services' foster work on June 30. The City has not previously taken adverse action against Catholic Social Services in its many years of contracting with the agency, so cannot claim to be harmed by maintaining the status quo.

WHEREFORE, this Court ORDERS:

1. The Department of Human Services, its agents, employees, and those acting in concert with it are **ORDERED** to resume providing foster care referrals to Catholic Social Services and permitting children to be placed with the foster families it has certified

without delay. This includes, but is not limited to, the placement of the child referred to in the papers as Doe Foster Child #1 with Doe Foster Mother #1.

2. The Department of Human Services, its agents, employees, and those acting in concert with it are **ORDERED** to rescind its prior directive prohibiting any foster care referrals to Catholic Social Services and to resume all dealings with Catholic Social Services on the same terms as they had proceeded prior to March 2018.

3. The Defendants are **ORDERED** to resume and to continue operating under the current Contract, without breach, termination, or expiration, or to enter into a new Contract identical in all material respects to the current Contract, while this matter remains pending.

4. This temporary restraining order and preliminary injunction shall take effect immediately.

IT IS SO ORDERED.

Dated: June __, 2018   _____

                                      Hon. Petrese B. Tucker
                                      United States District Judge