IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHARONELL FULTON, *et al.*,

    Plaintiffs,

v.

CITY OF PHILADELPHIA, *et al.*,

    Defendants.

No. 2:18-cv-02075

**[Proposed] Order**

AND NOW, this __ day of _____, 2018, it is hereby ORDERED that Proposed Intervenors' motion to intervene as of right is GRANTED.

_____
J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHARONELL FULTON, *et al.*,

    Plaintiffs,

v.

CITY OF PHILADELPHIA, *et al.*,

    Defendants.

No. 2:18-cv-02075

## **[Proposed] Order**

AND NOW, this ___ day of _____, 2018, it is hereby ORDERED that Proposed Intervenors' Motion is GRANTED. Proposed Intervenors may file a Memorandum of Law in support of their Motion to Intervene, an Answer, and supporting Declarations no later than June 15, 2018.

 

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONELL FULTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, *et al.*, <br><br> Defendants. | No. 2:18-cv-02075 |

**MOTION OF THE SUPPORT CENTER FOR CHILD ADVOCATES
AND PHILADELPHIA FAMILY PRIDE TO INTERVENE AS DEFENDANTS,
AND FOR AN EXTENSION OF TIME TO FILE THEIR MEMORANDUM OF LAW,
PROPOSED ANSWER TO THE COMPLAINT,
AND SUPPORTING DECLARATIONS**

The Support Center for Child Advocates and Philadelphia Family Pride move to intervene as defendants as of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, for permissive intervention under Rule 24(b)(1). Proposed intervenors also move for an extension of time to file their memorandum of law in support, their proposed Answer to the Complaint, and supporting declarations.

In support of their motion, proposed intervenors state the following:

**Background**

1. Catholic Social Services (CSS) contracts with the City of Philadelphia Department of Human Services (DHS) to provide public child welfare services for children in foster care.

2. In March, 2018, it was reported that CSS and another government-contracted agency exclude same-sex couples from foster care licensing or placement based on agency religious beliefs.

3. The City of Philadelphia (the City) advised CSS that this practice violates the terms of its contracts, which prohibit agencies from rejecting prospective families who meet DHS qualifications. *See* Professional Services Contract, General Provisions for Department of Human Services Contracts, par. 3.21; *id.* at par. 3.11 (provider shall be bound by all current DHS policy); Exh. 1(F) to Plaintiffs' Motion. The City also suspended making new foster care referrals to CSS.

4. CSS and some of its foster families brought this lawsuit challenging the suspension of foster care referrals, claiming that the City is legally obligated to continue referring foster care cases to this agency despite its refusal to comply with DHS policy and contract provisions.

**Proposed Intervenors are entitled to intervene as of right under rule 24(a)**

5. To intervene as of right, the prospective intervenor must establish: (1) that the application for intervention is timely; (2) that the applicant has a sufficient interest in the litigation; (3) that the asserted interest may be affected or impaired as a practical matter by the disposition of the action; and (4) that the interest is not adequately represented by an existing party in the litigation. Fed. R. Civ. P. 24(a)(2); *In re Community Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005).

6. *The motion to intervene is timely.* The Complaint was filed less than one month ago. The City has not yet responded to the Complaint. Proposed intervenors learned only yesterday of Plaintiffs' motion for a TRO and preliminary injunction.

7. *Proposed intervenors have a sufficient interest in the litigation that could be impaired as a practical matter by disposition of the action.* The Support Center for Child

Advocates and Philadelphia Family Pride seek to intervene in this case because the Court's decision will have a significant impact on these organizations and the populations they serve.

8. The Support Center for Child Advocates (Child Advocates) is a nonprofit organization that provides legal representation and social services to children in addition to advocating for public policy that supports their well-being. Child Advocates seeks to advance the interests of children involved with the child welfare system, including children in or needing foster care placement.

9. Child Advocates is appointed by the Family Court of Philadelphia under the auspices of the Pennsylvania Juvenile Act to serve as counsel and guardian ad litem for individual children in various types of court proceedings, including dependency proceedings for children in foster care. 42 Pa. Cons. Stat. Ann. § 6300 *et seq*. The agency represented 1100 children in the fiscal year that ended June 30, 2017.

10. Child Advocates seeks to ensure that children in the foster care system have access to the broadest possible pool of prospective foster parents that includes all qualified adults willing to care for them, without regard to their race, religion, gender or sexual orientation, and without regard to whether they are in opposite-sex or same-sex marriages.

11. If CSS prevails in this litigation and the Court rules that City is required to allow agencies that provide public child welfare services to refuse to license or place children with families that don't meet the agency's religious standards, the children in the foster care system whose interests Child Advocates represents will be denied access to loving families who are willing to care for them and may be best suited to meet their needs. This directly undermines Child Advocates' mission, which includes helping children in the foster care system achieve family stability and permanency.

12. Philadelphia Family Pride (PFP) is a nonprofit membership organization of LGBTQ+ parents and prospective parents (including foster and adoptive parents) and their children. Their members include same-sex couples who seek to foster children in Philadelphia. PFP seeks to protect the interests and rights of same-sex couples and their families, including the right to equal treatment of those seeking to care for children in the public child welfare system.

13. PFP is also committed to helping to recruit foster parents from the LGBTQ+ community to help meet the need for families for children in the foster care system. PFP has been holding foster parent recruitment events since 2015 and in partnership with the City since 2017.

14. If CSS prevails, qualified same-sex couples who would like to open their hearts and homes to a child in need will face the risk of being turned away by an agency or denied a child placement even if that placement would be in the best interest of a child. This would harm PFP's members and undermine its recruitment efforts.

15. *The existing defendants cannot adequately represent the interests of Child Advocates and PFP or the children and families Child Advocates and PFP seek to protect.*

16. As a municipality and a party to the contract with CSS, the City has a host of competing governmental and contractual rights, responsibilities, interests, and obligations. *See Kleissler v. Forest*, 157 F.3d 964, 973-74 (3d Cir. 1998) ("the government represents numerous complex and conflicting interests"). Child Advocates and PFP, on the other hand, are not governmental entities and are not parties to the contract with CSS. They seek solely to protect the interests of children in the foster care system in need of families, and same-sex couples who seek to provide them with families. As such, they may take positions, develop a record, and present legal arguments that differ from those of the City.

17. As the Court well knows, although this litigation is very young, it is moving very quickly. Counsel for Child Advocates and PFP learned only yesterday that CSS filed a motion for a temporary restraining order and preliminary injunction. In order to inform the Court very promptly of their desire to intervene, Child Advocates and PFP ask that the Court accept this motion and allow them another week to file a more comprehensive memorandum of law in support of intervention, a proposed Answer to the Complaint, and supporting declarations.

WHEREFORE, Child Advocates and PFP respectfully request that the Court grant them a brief extension of time in order to file a memorandum of law in support of intervention, a proposed Answer to the Complaint, and supporting declarations, and that the Court grant their motion to intervene as of right, or in the alternative, grant them permissive intervention.

Dated: June 8, 2018

*Molly Tack-Hooper*
Molly Tack-Hooper (PA 307828)
Mary Catherine Roper (PA 71107)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
Tel.: (215) 592-1513 ext. 113
Fax: (215) 592-1343
mtack-hooper@aclupa.org
mroper@aclupa.org

Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2584
lcooper@aclu.org
*Pending admission pro hac vice

Fred T. Magaziner (PA 23332)
Catherine V. Wigglesworth (PA 314557)
DECHERT LLP
Cira Centre
2929 Arch Street

       Philadelphia, PA 19104-2808
       Phone:  (215) 994-4000
       Fax:  (215) 994-2222

       Frank P. Cervone (PA 37338)
       Support Center for Child Advocates
       1617 John F. Kennedy Blvd., #1200
       Philadelphia, PA 19103
       (267) 546-9202
       fcervone@SCCAlaw.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing motion was filed electronically and served on all counsel of record via the ECF system of the United States District Court for the Eastern District of Pennsylvania.


Dated: June 8, 2018                               */s/ Catherine Wigglesworth*