**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHARONELL FULTON, *et al.* | |
| *Plaintiffs*, | |
| v. | Civil No.  2:18-cv-02075 |
| CITY OF PHILADELPHIA, *et al.* | |
| *Defendants.* | |

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS**

AND NOW, come Intervenors, Support Center for Child Advocates and Philadelphia Family Pride, by their attorneys, and submit the following answer to the Complaint:

1.      On information and belief, it is admitted that Catholic  Social Services ("CSS") is a social welfare agency that, among other things, has provided services for children in foster care in Philadelphia through its contracts with the Philadelphia Department of Human Services ("DHS"). It is denied that the City's actions with respect to CSS are political grandstanding or that the City's actions in any way sacrifice the needs of children.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

2.      Denied.

3.      After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

4.      After reasonable investigation, Intervenors are without information sufficient to form a

belief as to the truth or falsity of the averments in this paragraph.

5.      It is denied that the City is "penalizing" CSS or any foster parent who works with CSS or that the City's decisions are motivated by the agency's Catholic beliefs.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

6.      To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

## IDENTIFICATION OF PARTIES

7.      After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

8.      It is denied that Ms. Fulton's current foster children will be "immediately" – or ever – "transferred away" if the City terminates or refuses to renew its contract with CSS.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

9.      It is denied that the City is denigrating or discriminating against the religious beliefs of Ms. Fulton or any other Plaintiff.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

10.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

11.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

12.     After reasonable investigation, Intervenors are without information sufficient to form a

belief as to the truth or falsity of the averments in this paragraph.

13.    It is admitted, on information and belief, that CSS has provided services for children in foster care in Philadelphia pursuant to contracts with DHS.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

14.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

15.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

16.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

17.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

18.    Admitted.

19.    It is admitted that Department of Human Services ("DHS") is an agency of the City of Philadelphia.  Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

20.    Admitted.

## JURISDICTION AND VENUE

21.    The averments in this paragraph constitute conclusions of law to which no response is required.

22.    The averments in this paragraph constitute conclusions of law to which no response is required.

23.    The averments in this paragraph constitute conclusions of law to which no response is

3

required.

## FACTUAL ALLEGATIONS

### Foster Care Under Pennsylvania and Federal Law

24.     Denied as stated.  The text of the cited article speaks for itself.

25.     Admitted.

26.     The referenced statute speaks for itself.  The averments in this paragraph constitute conclusions of law to which no response is required.

27.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent the averments in this paragraph purport to assert that foster care agencies may add religious requirements to the qualifications for foster parents, the averments are denied.

28.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent the averments in this paragraph purport to assert that foster care agencies are legally permitted to add religious requirements to the qualifications for foster parents, the averments are denied.

### Philadelphia's Foster Care Program

29.      After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

30.     It is admitted that the City refers children who are unable to remain in their homes for placement in foster care.  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

31.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

32.     After reasonable investigation, Intervenors are without information sufficient to form a

belief as to the truth or falsity of the averments in this paragraph.

33.    The averments in this paragraph constitute conclusions of law, to which no response is required.

34.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

35.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

**Catholic Social Services' Foster Care Program**

36.    After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

37.    After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

38.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

39.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

40.    It is admitted that CSS has provided services for children in foster care in Philadelphia. After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

41.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

42.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

**The City Targets Catholic Social Services and Breaches Its Contract**

46.     The texts of the City Council Resolution and news article speak for themselves.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

47.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

48.     The text of the referenced letter speaks for itself.

49.     To the extent this paragraph claims that the Commission could not investigate claims of discrimination without the enumerated steps, those averments are conclusions of law as to which no response is required.  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

50.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

51.     To the extent this paragraph claims that the City has wrongfully "suspended" or "terminated" its contract with CSS by ceasing to refer children to CSS for foster placement, those averments are conclusions of law as to which no response is required.  Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

52.     The averments in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

53.     The averments in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments are denied.

54.     The text of the referenced letter speaks for itself.

55.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

56.      Denied.

57.     The averments in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments are denied.

58.     The averments in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments are denied.

59.     The averments in this paragraph constitute conclusions of law to which no response is required.  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

60.     The averments in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

61.     To the extent this paragraph claims that the City has targeted or penalized any Plaintiff because of that Plaintiff's religious beliefs, the averment is denied.  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

62.     The texts of the referenced news articles speak for themselves.  It is denied that the City has targeted CSS because of its religious beliefs.  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

63.     The text of the letter speaks for itself.

64.     The text of the letter speaks for itself.

65.     After reasonable investigation, Intervenors are without sufficient information to form a

belief as to the truth or falsity of the averments in this paragraph.

66.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

67.     The text of the letter speaks for itself.

68.     The text of the letter speaks for itself.

69.     The first averment in this paragraph relates to the text of a letter, which speaks for itself. The second averment in this paragraph is denied.

70.     Denied as stated.  The text of the letter speaks for itself.

71.     The text of the letter speaks for itself.

**The City's Unlawful Actions Harm Catholic Social Services and the Children of Philadelphia**

72.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

73.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

74.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

75.     Denied that the City's suspension of referrals to CSS was "unlawful."  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

76.     The text of the City's letter speaks for itself.  The remainder of this paragraph poses a future hypothetical, as to which neither Intervenors nor anyone else can form a belief as to the truth or falsity of the averment.

77.     It is denied that the City's suspension of referrals to CSS was "unlawful."  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the

truth or falsity of the remaining averments in this paragraph.

78.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

## CLAIMS

### Count I
### Violation of Religious Freedom Protection Act, 71 Pa. Stat. Ann. § 2404

79.     Intervenors re-allege all responses set forth above and incorporate them herein.

80.     The averments in this paragraph constitute conclusions of law to which no response is required.

81.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

82.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

83.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent the extent this paragraph purports to make factual averments, they are denied.

84.     The averments in this paragraph constitute conclusions of law as to which no response is required.

85.     Denied.

### Count II
### 42 U.S.C. § 1983: Violation of the First Amendment to the U.S. Constitution
### Free Exercise Clause, Not Neutral

86.     Intervenors re-allege all responses set forth above and incorporate them herein.

87.     The averments in this paragraph constitute conclusions of law to which no response is required.

88.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

89.     Denied.

90.     Denied.

91.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

92.     Denied.

## Count III
### 42 U.S.C. § 1983: Violation of the First Amendment to the U.S.  Constitution
### Free Exercise Clause, Not Generally Applicable

93.     Intervenors re-allege all responses set forth above and incorporate them herein.

94.     The averments in this paragraph constitute conclusions of law to which no response is required.

95.     Denied.

96.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

97.     Denied.

98.     After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

99.     To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

100.    Denied.

## Count IV
### 42 U.S.C. § 1983: Violation of the First Amendment to the U.S.  Constitution
### Free Exercise Clause, System of Individualized Assessments

101.    Intervenors re-allege all responses set forth above and incorporate them herein.

102.   The averments in this paragraph constitute conclusions of law to which no response is required.

103.   Denied.

104.   Denied.

105.   Denied as stated.  The City has not sought to control CSS's expression of its beliefs, only how CSS performs its contractual duties.  After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

106.   The averments in this paragraph constitute conclusions of law to which no response is required.

107.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

108.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent the extent this paragraph purports to make factual averments, they are denied.

109.   Denied.

**Count V**
**42 U.S.C. § 1983: Violation of the First Amendment to the U.S. Constitution**
**Free Speech Clause, Compelled Speech**

110.   Intervenors re-allege all responses set forth above and incorporate them herein.

111.   Denied.

112.   Denied.

113.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

114.   Denied.

**Count VI**
**42 U.S.C. § 1983: Violation of the First Amendment to the U.S. Constitution**
**Free Speech Clause, Retaliation for Protected Speech**

115.    Intervenors re-allege all responses set forth above and incorporate them herein.

116.    The averments in this paragraph constitute conclusions of law to which no response is required.

117.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

118.    Denied.

119.    Denied.

120.    Denied.

**Count VII**
**42 U.S.C. § 1983: Violation of the First Amendment to the U.S. Constitution**
**Free Exercise and Establishment Clauses, Denominational  Preference and Discrimination**

121.    Intervenors re-allege all responses set forth above and incorporate them herein.

122.    The averments in this paragraph constitute conclusions of law to which no response is required.

123.    Denied.

124.    To the extent this paragraph claims that Defendants have penalized CSS, that is denied. After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the remaining averments in this paragraph.

125.    It is denied that Defendants prefer some religious beliefs and practices and that Defendants discriminate against Plaintiffs' beliefs and practices.  The remaining averments in this paragraph constitute conclusions of law to which no response is required.

126.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

127.    Denied.

## Count VIII
## 42 U.S.C. § 1983: Violation of the Fourteenth Amendment to the U.S. Constitution Equal Protection

128.    Intervenors re-allege all responses set forth above and incorporate them herein.

129.    The averments in this paragraph constitute conclusions of law to which no response is required.

130.    Denied.

131.    Denied as stated.  It is admitted that other DHS contract agencies have not had their referrals suspended, but denied that the differential treatment is based on the beliefs they espouse.

21.    It is denied that Defendants prefer one set of religious beliefs over Plaintiffs' religious beliefs.  The remaining averments in this paragraph constitute conclusions of law to which no response is required.

132.    Denied.

## Count IX
## Violation of the Pennsylvania Constitution Article I, § 3  Religious Freedom

133.    Intervenors re-allege all responses set forth above and incorporate them herein.

134.    The averments in this paragraph constitute conclusions of law to which no response is required.

135.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

136.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

137.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

138.   Denied.

## Count X
### Violation of the Pennsylvania Constitution Article I, § 7  Freedom of Press and Speech

139.   Intervenors re-allege all responses set forth above and incorporate them herein.

140.   The averments in this paragraph constitute conclusions of law to which no response is required.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

146.   Denied.

## Count XI
### Violation of the Pennsylvania Constitution Article I, § 26
### Discrimination by the Commonwealth and its political subdivisions

147.   Intervenors re-allege all responses set forth above and incorporate them herein.

148.   The averments in this paragraph constitute conclusions of law to which no response is required.

149.   The averments in this paragraph constitute conclusions of law to which no response is required.

150.   Admitted.

151.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

152.   The averments in this paragraph constitute conclusions of law to which no response is

required.

153.    Denied.

154.    Denied as stated.  It is admitted that other DHS contract agencies have not had their

referrals suspended, but denied that the differential treatment is based on the beliefs they espouse.

155.    Denied.

156.    Denied.

## Count XII
## Violation of the Philadelphia Charter Article X, § 10-111  Discrimination by the City

157.    Intervenors re-allege all responses set forth above and incorporate them herein.

158.    The averments in this paragraph constitute conclusions of law to which no response is

required.

159.    Admitted.

160.    Denied.

161.    Denied.

## Count XIII
## Breach of Contract

162.    Intervenors re-allege all responses set forth above and incorporate them herein.

163.    Admitted on information and belief.

164.    Denied.  The contract is a writing that speaks for itself.

165.    To the extent the averments in this paragraph constitute conclusions of law, no response

is required.  To the extent this paragraph purports to make factual averments, Intervenors are

without information sufficient to form a belief as to the truth or falsity of those averments.

166.    Denied.

167.    Denied.

## Count XIV
## Equitable Estoppel

168.    Intervenors re-allege all responses set forth above and incorporate them herein.

169.    After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

170.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, Intervenors are without information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

171.    To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, Intervenors are without information sufficient to form a belief as to the truth or falsity of those averments.

172.    Denied.

## Count XV
## 42 U.S.C. § 1983: Violation of the First and Fourteenth Amendments of the U.S. Constitution Free Exercise and Due Process Clauses: Parental Association

173.    Intervenors re-allege all responses set forth above and incorporate them herein.

176.    The averments in this paragraph constitute conclusions of law to which no response is required.

177.    Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments concerning Plaintiff's decision to work with CSS.  It is denied that Defendants are in any way infringing upon Plaintiff's liberty interests.

178.    Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments concerning Plaintiff's decision to work with CSS.  It is denied that Defendants are in any way infringing upon Plaintiff's liberty interests, or preventing her from fostering children.

16

179.   Denied that Ms. Fulton's current foster children will be "immediately" – or ever – "transferred away" if the City terminates or refuses to renew its contract with CSS.  It is further denied that Defendants are in any way infringing upon Plaintiff's liberty interests.  After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

180.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

181.   Denied.

### Count XVI
### 42 U.S.C. § 1983: Violation of the Fourteenth Amendment of the U.S. Constitution
### Due Process Clause: Sibling Association

182.   Intervenors re-allege all responses set forth above and incorporate them herein.

183.   The averments in this paragraph constitute conclusions of law to which no response is required.

184.   After reasonable investigation, Intervenors are without sufficient information to form a belief as to the truth or falsity of the averments in this paragraph.

185.   To the extent the averments in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph purports to make factual averments, they are denied.

186.   Denied.

## DEFENSES

## FIRST DEFENSE

Plaintiffs have failed to set forth a claim upon which relief may be granted.

## SECOND DEFENSE

The relief requested by Plaintiffs is barred by the Establishment Clause of the First Amendment of the United States Constitution.

## THIRD DEFENSE

The relief requested by Plaintiffs is barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.


WHEREFORE, Intervenors, Support Center for Child Advocates and Philadelphia Family Pride, demand judgment in their favor and against Plaintiffs, together with reimbursement of all costs.


Respectfully submitted,

 Dated: June 15, 2018

_____
Molly Tack-Hooper (PA 307828)
Mary Catherine Roper (PA 71107)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
Tel.: (215) 592-1513 ext. 113
Fax: (215) 592-1343
mtack-hooper@aclupa.org
mroper@aclupa.org

Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2584
lcooper@aclu.org
*Pending admission pro hac vice

Fred T. Magaziner (PA 23332)
Catherine V. Wigglesworth (PA 314557)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone:  (215) 994-4000
Fax:  (215) 994-2222

Frank P. Cervone (PA 37338)
Support Center for Child Advocates
1617 John F. Kennedy Blvd., #1200
Philadelphia, PA 19103
(267) 546-9202
fcervone@SCCAlaw.org