

1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 25, 2018
Page 1 of 4

The Honorable Petrese B. Tucker
United States District Court for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

VIA ECF

## Re: *Fulton v. City of Philadelphia*, No. 18-2075

Dear Judge Tucker:

The City contends that Catholic's use of pastoral reference letters as a means of evaluating prospective foster families is unconstitutional and in breach of contract. The City does not claim that the reference letters had anything to do with the intake closure at issue in this case. Letter at 1 (citing "new evidence"). But it argues that granting Catholic relief "would be problematic" now because of the pastoral letters.

The City's concern about relief is misplaced. However, in order to eliminate any potential issue regarding how the parties would operate under a preliminary injunction, Catholic will agree not to require pastoral letters. While such letters have been helpful in the past, the letters are not necessary for Catholic to provide foster care services consistent with its religious mission.

The City's legal arguments are incorrect. As Commissioner Figueroa testified at the hearing last week, the City has "nothing to do" with the process and policies private agencies use to perform home studies and certify prospective foster families. Preliminary Injunction Hearing Transcript ("Tr."), Day 3, Figueroa, pp. 53-54. Certification of foster families occurs under standards provided by the State, not the City. If anything, the City's apparent ignorance of how Catholic performs home studies just confirms that the City has never scrutinized the ways in which private agencies perform this work. Surely the City cannot have a



1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 25, 2018
Page 2 of 4

compelling interest now in a process it has utterly ignored, apparently for decades.

Second, Catholic is a religious non-profit; it is not the government. Indeed, the City's contract emphasizes in no uncertain terms that Catholic shall not "in any way or for any purpose be deemed or intended to be an employee or agent of the City." Pl. Ex. 15 at 86 (paragraph 9.1). Neither the Establishment Clause nor federal law forbids Catholic from having a religious nature. *See, e.g., Corp. of Presiding Bishop v. Amos*, 483 U.S. 327, 337 (1987) (upholding Title VII's exemption for religious organizations against an Establishment Clause challenge); 42 U.S.C. § 604a(c) ("[N]either the Federal Government nor a State receiving funds under such programs shall discriminate against an organization which is or applies to be a contractor . . . on the basis that the organization has a religious character.").

Third, the City's witnesses testified that they were unaware of a single person who had ever raised a concern or been unable to foster because of Catholic's use of religious criteria. Tr., Day 1, Ali, pg. 114; Tr., Day 3, Figueroa, pg. 18-19, 145.

As with the rest of its case, the City's concerns are entirely speculative, and ignore the fact that people will readily "recognize and accept" that, even when churches are engaged in activities which have both religious and civil effects, churches do not surrender their religious nature. *Cf. Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, No. No. 16–111, 2018 WL 2465172, at *7 (U.S. June 4, 2018) (noting that a church's decision not to perform a same-sex wedding ceremony "would be well understood in our constitutional order as an exercise of religion, an exercise that gay persons could recognize and accept without serious diminishment of their own dignity and worth.").

Nevertheless, since Catholic will agree to cease requiring pastoral letters going forward, these issues should not impact the ability of this Court to issue a preliminary injunction.



1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 25, 2018
Page 3 of 4

Respectfully submitted,

/s/ Mark Rienzi
Mark Rienzi
*Counsel for Plaintiffs*



1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 25, 2018
Page 4 of 4

## Certificate of Service

I hereby certify that this letter has been served electronically via ECF and is available for viewing and downloading from the ECF system.

/s/ Mark Rienzi
Mark Rienzi