

1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 28, 2018
Page 1 of 3


The Honorable Petrese B. Tucker
United States District Court for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

VIA ECF

Re: *Fulton v. City of Philadelphia*, No. 18-2075

Dear Judge Tucker:

    Plaintiffs write to alert the Court of the Supreme Court's recent decision in *Janus v. American Federation of State, County, and Municipal Employees Council*, No. 16-1466, 585 U.S. ___ (2018). This decision supports Plaintiffs' position that the City's attempt to compel Catholic Social Services to provide written endorsements of same-sex marriages violates the First Amendment's prohibition on compelled speech.

    In *Janus*, the Supreme Court held that state laws requiring government employees to pay union dues constitute impermissible compelled speech under the First Amendment. *Janus* provides important insight into this case for two reasons.

    First, the Supreme Court emphasized that "[c]ompelling individuals to mouth support for views they find objectionable violates [a] constitutional command" and is therefore to "be universally condemned." Slip Op. at 8. Indeed, "measures compelling speech are at least as threatening" as restrictions of what can be said. *Id.* And compelled speech causes "additional damage" because "individuals are coerced into betraying their convictions." *Id.* at 9. "Forcing free and independent individuals to endorse ideas they find objectionable is always demeaning," and therefore policies compelling speech must be justified by "even more immediate and urgent grounds than a law demanding silence." *Id.* (citation omitted). The Court further reiterated, "[w]henever the Federal Government or a State prevents individuals from saying what they think on important matters or compels them to voice ideas with which they disagree, it undermines" the purpose of freedom of speech. *Id.* at 9. This is true even with regard to regulation of government employees.



1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 28, 2018
Page 2 of 3

    The Supreme Court's sharp criticism of policies that compel speech further emphasizes the unconstitutionality of the City's actions. Here, the City seeks to "coerce[] [Catholic Social Services] into betraying [its] convictions" and force it to either "endorse ideas [it] find[s] objectionable" or shut down its foster care program. That is why the City and its counsel repeatedly talked not only of performing home studies, but of the need to "approve" or "certify" particular applicants. Transcript of Pretrial Hearing (Tr.), Day 1, Ali, pg. 133; PX 13, pg. 1. But forcing Catholic to embrace views it disagrees with plainly violates the First Amendment. In *Janus* terms, such a policy would be "demeaning," particularly when combined with the City's statements that it's "not 100 years ago anymore" and "times are changing" and Catholic's religious beliefs should change, too. Tr., Day 2, Amato, pg. 57. Nor could such a policy be justified by "immediate and urgent grounds" when not a single prospective parent has claimed that Catholic Social Services has discriminated against her, Slip Op. at 9, particularly in light of the abundance of other agencies available to certify same-sex couples.

    Second, the Court in *Janus* emphasized that allowing for a diversity of viewpoints on "sensitive" topics such as "sexual orientation and gender identity" is essential. Slip Op. at 30-31. Speech on such topics "occupies the highest rung of the hierarchy of First Amendment values and merits special protection." *Id.* at 31 (international quotation marks omitted). The City is attempting to stifle the plurality of viewpoints on such "sensitive" topics by forcing Catholic Social Services to either agree with them or suffer the consequences of closure. The City is also retaliating against Catholic for its views on this "sensitive" topic by closing intake and changing contract terms to make it impossible for Catholic to continue providing care to foster children. Tr., Day 2, Amato, pp. 105-106; Tr., Day 3, Figueroa, pg. 138. But Catholic Social Services' religious beliefs and speech on the nature of the family "merit[] special protection," not government punishment.

    *Janus* confirms that the City cannot use its control over foster care to force Catholic to endorse ideas it disagrees with.

                                                  Respectfully submitted,

                                                 /s/ Mark Rienzi
                                                 Mark Rienzi
                                                 *Counsel for Plaintiffs*



1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
202-955-0095 / @BecketLaw
www.becketlaw.org

June 28, 2018
Page 3 of 3

## Certificate of Service

I hereby certify that this letter has been served electronically via ECF and is available for viewing and downloading from the ECF system.


                                    /s/ Mark Rienzi
                                  Mark Rienzi