

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Marcel S. Pratt
City Solicitor

Eleanor N. Ewing
Chief Deputy City Solicitor
Affirmative & General
Litigation Unit
215-683-5012
215-683-5069 (fax)
eleanor.ewing@phila.gov

June 29, 2018

**VIA ECF**

The Honorable Petrese B. Tucker
United States District Court for the
    Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 10106

    RE:    *Fulton et al. v. City of Philadelphia et al.*, 18-CV-2075

Dear Judge Tucker:

    We write in reply to Plaintiffs' continued, unauthorized submissions following the three-day hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

    The City objects to the submission of the Supplemental Declaration of James Amato. The parties had ample opportunity to present their cases during the hearing, and after the record was closed, the Court asked the parties to provide proposed Findings of Fact and Conclusions of Law. Instead, Plaintiffs now seek to offer new evidence in the form of an declaration of a witness who cannot be cross-examined. Essentially, this is no different from Plaintiffs' unsuccessful attempts at the hearing to submit declarations in lieu of live testimony.

    The unfairness of this is highlighted by the inaccuracy of the declaration's contents, which concern a meeting between the City and CSS yesterday at which the City attempted to negotiate a limited contract for existing CSS placements. Mr. Amato's supplemental declaration is not an accurate account of that meeting.[1] The City therefore respectfully requests that the

---

[1] For example, Mr. Amato asserts that the City is requiring CSS to agree "that the outcome of a home study would be an endorsement and certification of the relationship of a same-sex couple." Amato Suppl. Decl. (ECF 46-1 ¶ 5). As the hearing record makes clear, the City's position is only that CSS must conduct its home studies using the criteria set forth in state law, and is free to find any applicant unqualified so long as the reason for that finding is not an illegal or impermissibly discriminatory one.



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Court reject any attempts to reopen the record through supplemental declarations. Should the Court accept Plaintiffs' declaration, however, the City must seek leave to submit its own declaration regarding this June 28 meeting.[2]

Over the past week, Plaintiffs also have sent several letters to the Court regarding cases newly decided by the Supreme Court. None are on point. Neither *Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, No. 16-1466, 2018 WL 3129785 (U.S. June 27, 2018), nor *Nat'l Inst. of Family & Life Advocates v. Becerra*, No. 16-1140, 2018 WL 3116336 (U.S. June 26, 2018), concerned speech made pursuant to a contract. Indeed, the statute under review in *Becerra*, which concerned a notice crisis pregnancy centers were to provide, specifically exempted any entity that had a contractual or programmatic relationship with the government. *See id.* at *10.

As we explained in both our opening Brief and Conclusions of law, where speech is made pursuant to a contract, it is not compelled because an individual can choose not to participate in the contract. *See Agency for Int'l Dev. v. Open Soc'y Int'l, Inc.*, 570 U.S. 205, 214 (2013 ("As a general matter, if a party objects to a condition on the receipt of [government] funding, its recourse is to decline the funds."). As we also explained, an exception has arisen in government contracting cases when the speech the government seeks to regulate is not related to the obligor's contractual duties. *See id.* That exception does not apply here because speech related to selecting and certifying foster parents is integral to the contract.

Neither of these new cases concern that exception because they were not government contracting cases. Therefore, they are not informative on this matter.

Respectfully,

Eleanor N. Ewing
Chief Deputy City Solicitor

---

[2] These declarations would also inform the Court of the fact that DHS has reopened intake with Bethany Christian Services following Bethany's agreement to comply with the City's antidiscrimination laws. *See* Julia Terruso, *City resumes foster-care work with Bethany Christian Services after it agrees to work with same-sex couples*, Philly.com (June 28, 2018 12:46 PM), http://www.philly.com/philly/news/foster-care-lgbt-bethany-christian-services-same-sex-philly-lawsuit-catholic-social-services-20180628.html.