# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONELL FULTON, CECELIA PAUL, TONI LYNN SIMMS-BUSCH, and CATHOLIC SOCIAL SERVICES,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PHILADELPHIA, DEPARTMENT OF HUMAN SERVICES FOR THE CITY OF PHILADELPHIA, and PHILADELPHIA COMMISSION ON HUMAN RELATIONS,<br><br>*Defendants*. | Civil Action No. 18-2075 |

## PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

Pursuant to Fed. R. Civ. P. 7 and 62(c), and in accordance with Fed. R. App. P. 8(a)(1), Plaintiffs respectfully request that the Court enter an injunction pending appeal.

Plaintiffs face irreparable harm in the absence of injunctive relief. Catholic's foster care program has already lost multiple staff members and, within a few weeks, will likely be forced to lay off staff members. Tr., Day 2, Amato, pp. 76-78. Those staff members have years of experience and relationships with foster parents and children that cannot be compensated with monetary damages. Tr., Day 2, Amato, pg. 79. And within months, Catholic's foster program will be forced to close its doors completely. *Id.* Placements for vulnerable children cared for by Catholic will most likely be disrupted, and countless children will be denied the opportunity for care in the loving homes Catholic sponsors. Tr., Day 2, Ali, pp. 23-24. Even if Catholic later prevails on the merits, the damage inflicted by these events will be irreversible. Laid-off staff will likely have

1

found work elsewhere, and both children and families will have already been removed from Catholic's network. Rebuilding the program will "take years," if it is possible at all. Tr., Day 2, Amato, pg. 79. If Catholic is forced to lay off staff or even close, Ms. Fulton and Ms. Simms-Busch will also suffer the loss of support and assistance they depend upon to serve the children in their care. *See* Tr., Day 1, Simms-Busch, pg. 47; Tr., Day 1, Fulton, pg. 66. And Mrs. Paul has been and is continuing to suffer irreparable harm because, after more than 40 years of service, she is unable to have any foster children placed in her home. Tr., Day 1, Paul, pg. 62-63.

Plaintiffs respectfully submit that, notwithstanding this Court's ruling yesterday, an injunction pending appeal is warranted in light of the significant and imminent harm that will befall Plaintiffs if Catholic is forced to choose between violating its religious beliefs or ceasing operations. Such an injunction would provide the Third Circuit Court of Appeals adequate time to appropriately consider the weighty issues at stake in this litigation.

Further, given the City's admission that it is unaware of any same-sex couples who have ever applied for a home study from Catholic or who plan to do so in the future, Tr., Day 1, Ali pg. 114; Tr., Day 3, Figueroa pp. 18-19, 71, the City cannot claim that the public would suffer any harm from such a temporary reprieve for Catholic. Indeed, failing to grant relief to Catholic will only harm the public by *decreasing* the number of available foster homes and foster care agencies while *increasing* the number of children without a loving foster care family. The balance of equities clearly tilts in favor of temporary injunctive relief.

For all the reasons advanced in Plaintiffs' prior filings, (1) Plaintiffs are likely to succeed on the merits of their statutory and Constitutional claims; (2) an injunction pending appeal is necessary to prevent irreparable harm to Plaintiffs; (3) the balance of equities favors such an injunction; and (4) this injunction would serve the public interest. Plaintiffs therefore respectfully

request that, during the pendency of their appeal, the Court enjoin the Defendants, their agents, officers, and employees, and others working in concert with them to resume normal foster care intake to Catholic to not impose any requirement that Catholic provide home studies in violation of Catholic's religious beliefs, and otherwise to continue operating under the pre-existing Contract during the pendency of Plaintiffs' appeal.

Plaintiffs have asked whether Defendants oppose this motion, but Defendants have not yet responded.

Date: July 14, 2018

Respectfully submitted,

*/s/ Mark L. Rienzi*

MARK L. RIENZI*
LORI H. WINDHAM*
STEPHANIE BARCLAY*
NICHOLAS R. REAVES*
The Becket Fund for
    Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
mrienzi@becketlaw.org

NICHOLAS M. CENTRELLA
Conrad O'Brien PC
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-8098
Facsimile: (215) 864-0798
ncentrella@conradobrien.com

*Counsel for Plaintiffs*
 *Admitted *Pro Hac Vice*

# CERTIFICATE OF SERVICE

I certify that on the date indicated below, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send notification and a copy of the brief to the counsel of record for the parties. I further certify that all parties to this case are represented by counsel of record who are CM/ECF participants.

Executed this 14th day of July, 2018.

*/s/ Mark L. Rienzi*
Mark L. Rienzi