# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONELL FULTON, CECELIA PAUL, TONI LYNN SIMMS-BUSCH, AND CATHOLIC SOCIAL SERVICES, | |
| Plaintiffs, | Civil Action No. 18-cv-2075 |
| v. | |
| CITY OF PHILADELPHIA, DEPARTMENT OF HUMAN SERVICES FOR THE CITY OF PHILADELPHIA, and PHILADELPHIA COMMISSION ON HUMAN RELATIONS | |
| Defendants. | |

**THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR <u>INJUNCTION PENDING APPEAL</u>**

**INTRODUCTION**

Plaintiff Catholic Social Services ("CSS") seeks an injunction pending appeal ("Plaintiffs' Motion") that would force the City of Philadelphia (the "City") to continue to contract with CSS to perform foster care services on behalf of the City's Department of Human Services ("DHS") and would force the City to permit CSS to refuse to provide services to individuals who are in same sex marriages in violation of Philadelphia's Fair Practices Ordinance (the "FPO").[1]

CSS brings its motion on an 'emergency' basis, arguing that irreparable harm is imminent because it will have to lay off employees and that the particular aspect of its foster care work at issue in this case will wind down "within months." Dkt. 56-1 at 1. But CSS' alleged emergency is illusory and belied by CSS' own actions and arguments. Indeed, the intake closure at issue in this litigation has been in place since mid-March 2018, Dkt. 56-1 at 10, yet CSS did not initiate this case until 63 days later on May 17, 2018, and then waited for nearly three weeks after that to file its motion for a temporary restraining order or preliminary injunction. *See* Dkt. 56-1 at 2-3. CSS' intake has now been closed for more than 120 days. And CSS' attorney has already represented to the Court that CSS has been able to retain two employees whose positions within the foster care program at issue could no longer be supported. *See* Dkt. 49 at 2. Further, not only have the harms CSS complains of been addressed and rejected by the Court, it is also within CSS' power to mitigate the alleged emergency basis of its motion: DHS has repeatedly expressed that its willingness to negotiate an interim contract with CSS that would minimize the impact on any children CSS currently serves in foster care and would also address the impact on CSS' business operations. In sum, there is no cause for an injunction pending appeal and CSS' motion should be denied.

---

[1] In fact, because the City's contract with CSS for the foster care services in dispute expired by its terms (as did all the City's contracts with its family foster care agencies) on June 30, 2018, CSS actually is seeking an injunction to force the City to enter into a new contract with CSS on terms unacceptable to the City and different from its new contracts with its other foster care agencies.

The Court held several days of hearings before issuing an Opinion denying CSS' injunction request. Dkt. 52. In the Opinion, the Court set forth fact findings and legal conclusions that CSS was not likely to succeed on the merits, that irreparable harm was not present, and that the balance of the equities and the public interest weighed in the City's favor. Despite this, Plaintiffs' Motion asks this Court to impose the same injunction just denied without providing any new facts or legal arguments. Indeed, Plaintiffs argue that the immediacy of harms the Court already has addressed should support imposing an injunction which the Court already has determined is not warranted and to force the City to abide by that injunction for the duration of Plaintiffs' appeal. Dkt. 56-1 at 2 ("notwithstanding this Court's ruling yesterday, an injunction pending appeal is warranted in light of the significant and imminent harm that will befall Plaintiffs if Catholic is forced to . . . ceas[e] operations"). Under the applicable standard, CSS provides no basis for an injunction pending appeal to be granted and Plaintiffs' Motion must be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) provides that… "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's interests. . . ." Fed. R. Civ. P. 62(c). In determining whether to grant an injunction pending appeal, a district court must consider four factors: (1) Petitioners' likelihood of success on the merits; (2) the irreparable harm to Petitioners absent an injunction; (3) whether an injunction will harm Respondents; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Unsurprisingly as these are the very factors the Court already considered in denying a preliminary injunction, the burden of persuasion is very high. *Friends of Animals, et. al., v. U.S. Nat'l Parks*, No. 2:09-cv-5349, 2010 WL 4723393 at *2 (E.D. Pa. Nov. 22, 2010) ("The party seeking relief bears a very high burden of persuasion."); *Citizens for Rational Coastal Dev. v. U.S. Fed. Highway Admin.*, No. CIV.A. 07-4551, 2008 WL 2774529, at *3 (D.N.J. July 16, 2008) (citing, *inter alia*, Wright, et al., 11 Fed. Prac. & Proc. Civ.2d § 2904 (burden of

meeting the Rule 62(c) standard for injunctions pending appeal is a "heavy one")); *F.T.C. v. Equitable Res., Inc,* No. 07-490, 2007 WL 1500046, at *1 (W.D. Pa. May 21, 2007).

## ARGUMENT

I. **Plaintiffs' Emergency Motion Fails for All the Reasons Set Forth In the Court's July 13, 2018 Opinion.**

To succeed in obtaining an injunction pending appeal under Federal Rule of Civil Procedure 62(c), Plaintiffs must be able to satisfy a high burden of persuasion that the four injunction factors are in their favor. Plaintiffs' Motion adds nothing new to this Court's prior analysis but instead merely rehashes arguments that this Court already has rejected. As a result, Plaintiffs cannot satisfy any of the four injunction factors.

A. **Plaintiffs Are Not Likely to Succeed on the Merits.**

The Court addressed the likelihood of success on the merits prong in depth in its Opinion and determined that Plaintiffs were not likely to succeed on the merits of their claims. Dkt. 52 at 21 *et. seq*. Plaintiffs' Motion provides no new arguments regarding this prong and, instead, merely refers to "the reasons advanced in Plaintiffs' prior filings". Dkt. 56-1 at 2. Defendants have already responded to those arguments and incorporate those responses herein. As there are no new arguments, this Court should find that there is not a likelihood of success on the merits and that this factor weighs against granting an injunction for the same reasons the Court set forth in its July 13 Opinion. *See Friends of Animals*, 2010 WL 4723393 at *3.

B. **Plaintiffs Do Not Show Imminent and Irreparable Harm.**

Similarly, although Plaintiffs' Motion focuses on arguments about imminent and irreparable harm, everything in their motion was already before the Court and addressed by the parties. In finding that Plaintiffs could not satisfy the irreparable harm prong, the Court addressed the impact of the intake closure on CSS' business as well as the impact on foster parents that work with CSS. CSS' renewed invocation of these facts through citations to the hearing record that was already before the Court adds nothing new. As a result, this Court

should find that there is no irreparable harm and that this factor weighs against granting an injunction for the same reasons the Court set forth in its July 13 Opinion.

### C. The Balance of the Equities and the Public Interest Weighs Against Granting an Injunction.

Finally, Plaintiffs again argue that the alleged harm to CSS, as well as the alleged harm to children from being denied the opportunity to be placed with CSS, tip the balance in favor of the Court granting an injunction. Again, the Court already addressed these issues and concluded not only that CSS' harm does not support an injunction, but also that the balance of harms and public interest does not warrant granting an injunction. Opinion at 52. For the same reasons set forth in the July 13 Opinion, this Court should find that the equities and the public interest weigh against granting an injunction.

## CONCLUSION

For all the reasons set forth above, the City respectfully requests that this Court deny the Plaintiffs' Emergency Motion for a Preliminary Injunction Pending Appeal.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
Marcel Pratt, City Solicitor

Date: July 23, 2018           By: /s/Diana Cortes
DIANA CORTES (PA ID No. 204274)
Chair, Litigation Group

ELEANOR N. EWING (PA ID No. 28226)
Chief Deputy City Solicitor, Affirmative & General Litigation

BENJAMIN H. FIELD (PA ID No. 204569)
Deputy City Solicitor, Affirmative & General Litigation

CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Phone: (215) 683-5038
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Benjamin H. Field, hereby certify that on July 23, 2018, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition to Plaintiffs' Emergency Motion for Injunction Pending Appeal and [Proposed] Order, to be served via CM/ECF filing upon counsel for all parties.

                                                     By: /s/ Benjamin H. Field
                                                          Benjamin H. Field