IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONELL FULTON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 18-2075 |
| CITY OF PHILADELPHIA, et al., : | |
| : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this __24th__ day of July, 2018, upon consideration of Plaintiffs' Emergency Motion for Injunction Pending Appeal ("Motion for Injunction Pending Appeal") (ECF No. 56), and Defendants' Response thereto (ECF No. 61), **IT IS HEREBY ORDERED AND DECREED** that the Motion for Injunction Pending Appeal is **DENIED**.[1]

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] Fed. R. Civ. P. 62(c) provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(c). Thus, although the filing of a valid notice of appeal would normally divest a district court of jurisdiction over the matters on appeal, Rule 62 authorizes the district court to take action in connection with a request for injunctive relief pending appeal. In deciding whether to grant relief under Rule 62, the district court must consider four factors. These four factors

1

generally track the four factors applicable when the district court considers a petition for preliminary injunctive relief.  Under Rule 62(c), the district court must determine:

    (1)    whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
    (2)    whether the applicant will be irreparably injured absent a stay;
    (3)    whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
    (4)    where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  While the first prong of the standard for evaluating claims under Rule 62(c)—a <u>strong</u> showing of likely success on the merits—might suggest that the burden of showing a reasonable likelihood of success on the merits is higher than the burden applicable in connection with preliminary injunctions, the Third Circuit has remarked that the Rule 62(c) factors "overlap" with "the familiar ones courts look to in ruling on applications for preliminary injunctions."  *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).  Accordingly, it appears that the standard for establishing a right to preliminary injunction and the standard for establishing a right to relief pending appeal under Rule 62(c) are essentially the same.  Not surprisingly, the Third Circuit has advised that relief such as stays pending appeal and injunctions pending appeal are, as preliminary injunctions and temporary restraining order are, "extraordinary remedies."  *See, e.g.*, *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978) (providing that a stay pending appeal is an extraordinary remedy); *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, 2009 WL 1968900 at *2 (citing 11 Fed. Prac. & Proc. Civ. 2d § 2904) (providing that "burden of meeting the Rule 62(c) standard for injunctions pending appeal is a 'heavy one'").

       Plaintiffs contend that "notwithstanding this Court's ruling [on July 13, 2018], that an injunction pending appeal is warranted in light of the significant and imminent harm that will

befall Plaintiffs . . . . " Pls.' Br. Supp. Motion for Inj. Pending Appeal 2, ECF No. 56-1.  In support of this contention, Plaintiffs advance the same arguments that Plaintiffs advanced in support of their Injunction Motion, which the Court denied on July 13, 2018, by order (ECF No. 53) and accompanying memorandum opinion (ECF No. 52).  As in Plaintiffs' Injunction Motion, Plaintiffs assert that absent injunctive relief, Plaintiffs will suffer imminent irreparable harm in the form of lost revenue that would, in turn, result in lost jobs, the shutdown of Catholic Social Services's ("CSS") operations, an increase in the number of children in the foster care system without placements, and the inability of CSS-certified foster parents to foster children.  Pls.' Br. Supp. Motion for Inj. Pending Appeal 1–2, ECF No. 56-1.  Plaintiffs contend that these harms are irreparable because "[r]ebuilding the program will 'take years' if it is possible at all."  Pls.' Br. Supp. Motion for Injunction Pending Appeal 2, ECF No. 56-1 (citing Jun. 19, 2018 Hr'g Tr. 79:15–18 (Amato)).  While Plaintiffs cite to hearing testimony to suggest that rebuilding the program will be impossible, the testimony from James Amato established that rebuilding "would take years," not that rebuilding the program would be impossible.  Jun. 19, 2018 Hr'g Tr. 79:15–18 (Amato) (testifying that if the program closed, "it would take years" to rebuild).  Plaintiffs, thus, rely on the same arguments and the same evidence in support of their new motion for injunction pending appeal that Plaintiffs relied upon in support of their unsuccessful Injunction Motion.

In view of Plaintiffs' reliance on the arguments they submitted in support of their Injunction Motion, the Court incorporates by reference its reasoning set forth in detail in its June 13, 2018 Memorandum Opinion (ECF No. 52).  Having decided that Plaintiffs failed to establish their entitlement to injunctive relief in connection with their Injunction Motion, the Court similarly concludes that Plaintiffs fail to meet their heavy burden of establishing their entitlement

to the extraordinary relief of an injunction pending appeal. As discussed in the Court's Memorandum Opinion, Plaintiffs are not likely to prevail on the merits of their claims; the irreparable harm that Plaintiffs claim they will experience absent an injunction does not meet the exacting standard of irreparable harm; and the balance of the equities and public interest tilt in favor of Defendants.

For the foregoing reasons, and for the reasons articulated in the Court's Memorandum Opinion (ECF No. 52), Plaintiffs' Motion for Injunction Pending Appeal is DENIED.