IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARONELL FULTON, et al., | : | |
| | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-2075 |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this __13th__ day of August, 2018, upon consideration of the Motion of the Support Center for Child Advocates and Philadelphia Family Pride to Intervene as Defendants (Doc. 14), and the Memorandum of Law in Opposition to Emergency Motion to Intervene by Support Center for Child Advocates and Philadelphia Family Pride (Doc. 48), **IT IS HEREBY ORDERED AND DECREED** that Proposed Intervenors' Motion to Intervene is **GRANTED** and the Clerk of Court shall list Support Center for Child Advocates and Philadelphia Family Pride as Defendants in this matter.[1]

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] In view of the Third Circuit's Order, dated August 10, 2018, by which the Third Circuit granted Proposed Intervenors' Motion for a Limited Remand to this Court for a ruling on Proposed Intervenors' Motion to Intervene (Doc. 14), this Court sets forth the following reasoning.

On June 6, 2018, Support Center for Child Advocates and Philadelphia Family Pride ("Proposed Intervenors") filed a Motion to Intervene as defendants in an ongoing civil dispute between Sharonell Fulton, Cecelia Paul, Toni Lynn Simms-Busch and Catholic Social Services

1

("Plaintiffs"), and the City of Philadelphia, the Department of Human Services and the Commission on Human Relations ("Defendants").

The factual and procedural history of this case is recounted in great detail in the Court's Memorandum Opinion dated July 13, 2018 (Doc. 52). Accordingly, the Court will provide a short summary of the facts only to the extent necessary to resolve the present Motion to Intervene. In short, this case arose when the Department of Human Services ("DHS") learned that its contractor, Catholic Social Services ("CSS") maintained a policy in direct conflict with the City's Fair Practices Ordinance, by which CSS had agreed to abide as part of its Services Contract with DHS. In particular, DHS learned that CSS would not provide its foster care services to same-sex couples despite the various all-comers and nondiscrimination provisions in the Services Contract that prohibited such policies. To permit an investigation into the situation, DHS closed CSS's intake of new referrals. Later, after investigation, DHS indicated—with CSS's contract expiration date imminent—that DHS would not extend a new contract to CSS without assurances that CSS would meet all its obligations under a new contract, including any all-comers and nondiscrimination provisions that might be included in a new contract.

With CSS's intake of new referrals closed and with the possibility that CSS would not receive a new public contract, CSS filed suit against Defendants alleging, among other things, that by refusing to send children to CSS and by refusing to award CSS a new public contract, Defendants were violating CSS's First Amendment right to free exercise of religion and free speech. Approximately twenty days after filing suit, in June 2018, Plaintiffs moved for preliminary injunctive relief (Injunction Motion, Doc. 10, amended as Doc. 13). In its Injunction Motion, Plaintiffs requested that the Court enter an injunction to compel Defendants to lift CSS's intake closure and compel the Parties to proceed under the terms of CSS's now-expired Services Contract. The Court held a three-day evidentiary hearing on Plaintiffs' motion for injunctive relief. During the evidentiary hearing, Proposed Intervenors submitted an amicus brief (Doc. 28-1) and presented argument. On July 13, 2018, the Court denied Plaintiffs' request for injunctive relief with an order and accompanying memorandum opinion. (Doc. 52).

Although the Court has already accepted Proposed Intervenors' amicus brief and permitted Proposed Intervenors to present argument at the evidentiary hearing, Proposed Intervenors contend that they are additionally entitled to intervene as defendants in this case as of right under Fed. R. Civ. P. 24(a)(2). In the alternative, Proposed Intervenors contend that the Court should grant the present Motion to Intervene under Fed. R. Civ. P. 24(b)(1), which allows permissive intervention at the Court's discretion.

For the reasons set forth below, the Motion to Intervene is **GRANTED** under Fed. R. Civ. P. 24(b)(1).

I.      **INTERVENTION AS OF RIGHT**

The Federal Rules of Civil Procedure provide that a non-party has a right to intervene in a dispute if the non-party can establish (1) they have timely applied for intervention; (2) they have a sufficient interest in the litigation; (3) their interest may be affected or impaired by the

disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. Fed. R. Civ. P. 24(a)(2); *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (providing an elemental breakdown of the requirements for intervention as of right).

Proposed Intervenors have not established their entitlement to intervene as of right. In particular, Proposed Intervenors have failed to show that the currently named defendants cannot adequately represent Proposed Intervenors' interests. The Court addresses each prong of the intervention as of right analysis in turn below.

### (1)     The Application For Intervention Is Timely

When assessing the timeliness of an application to intervene, the Third Circuit has advised that courts should consider the stage of the proceeding in which an application is submitted, the prejudice any delay in intervention may cause the existing parties to the litigation, and the reason for any delay in submitting an application to intervene. *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982).

In this case, Proposed Intervenors moved for intervention within one month of Plaintiffs' Complaint, during the initial pleading stages of the dispute. Plaintiffs' have not disputed the timeliness of the Motion to Intervene. Mem. Opp'n to Mot. Intervene 2, Doc. 48. There appears to be no prejudice from any delay in this case. Accordingly, Proposed Intervenors' Motion to Intervene is timely.

### (2)     The Proposed Intervenors Have A Sufficient Interest In The Litigation

Potential intervening parties must show that they have an interest in the litigation that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1970). To be significantly protectable, the interest must be a legal interest, not merely a general interest of indefinite character. *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987).

Here, the Support Center for Child Advocates ("Child Advocates") asserts that its interest in this case stems from its intimate involvement in the foster care system. Generally, attorneys from Child Advocates are appointed by the Family Court of Philadelphia to serve as counsel for individual children in various court proceedings, including dependency proceedings for children in foster care. Child Advocates further advocates for foster children in its work to ensure that foster children have access to the broadest possible pool of prospective foster parents, including prospective parents who are part of a same-sex marriage. Mot. to Intervene 5, Doc. 14. Child Advocates' legal interests as participants in the foster care system are implicated in this case.

Philadelphia Family Pride ("Family Pride") asserts that its interest in this case stems from its work in connection with protecting the interests and rights of same-sex couples, including the equal treatment of LGBTQ+ individuals involved in the foster care system. Among other things, Family Pride actively recruits LGBTQ+ foster parents, who, Family Pride would contend, are entitled to service from any and all foster care agencies with DHS public contracts. Mot. to

3

Intervene 6, Doc. 14. Family Pride's ability to recruit, place, and support prospective foster care parents appears to be implicated in this case.

In response, Plaintiffs argue that Proposed Intervenors do not have a sufficient, direct interest in the litigation. Plaintiffs contend that any interest Proposed Intervenors might have is hypothetical and too remote for two reasons. First, no LGBTQ+ couple has sought certification as foster parents through CSS. Mem. Opp'n to Mot. Intervene 3, Doc. 48. Second, Proposed Intervenors' interest is not legally protectable. Rather, Proposed Intervenors' merely seek a preferred policy outcome and would not suffer a substantial harm in the event that Plaintiffs prevail on the merits. *Id.* at 3–4.

The Court concludes that Proposed Intervenors' have sufficiently demonstrated their protectable interest. Both Child Advocates and Family Pride are organizations composed of members who would be directly affected by the outcome of this case. Child Advocates, for example, is directly involved in dependency proceedings as representatives for foster children. Family Pride is composed of individuals who would be directly affected if Plaintiffs prevail on the merits in establishing a right to refuse to serve all Philadelphians, including LGBTQ+ couples. The significant interests of Child Advocates and Family Pride are implicated in this case. *Harris*, 820 F.2d at 601.

### (3)   The Proposed Intervenors' Interest May Be Affected Or Impaired By The Disposition Of The Action

Once an applicant for intervention has demonstrated her interest in an ongoing dispute, she must next exhibit a tangible threat to her legal interest. *Harris*, 820 F.2d at 601. The Court must assess "the practical consequence of litigation" on any "significant legal interest" held by the applicant. *Id*.

Child Advocates contends that if Plaintiffs prevail, children in the foster care system, represented by Child Advocates, will be denied access to a certain category of parents who are willing to care for them and may be best suited to meet the children's needs. This undermines Child Advocates' mission and work of helping foster children achieve stability and permanency, especially in the context of Child Advocates' attorneys' appointments as counsel in dependency hearings. Mot. to Intervene 5, Doc. 14.

Family Pride contends that if Plaintiffs prevail, its members would be harmed and its recruitment efforts would be undermined because qualified same-sex couples will not have access to a publicly funded foster care agency equal to other members of the public. Mot. to Intervene 6, Doc. 14.

According to Plaintiffs, Proposed Intervenors have not indicated any harm that would result from Plaintiffs' success in the litigation, because Plaintiffs' goal is to maintain the status quo between CSS and the City that has existed for 50 years. Therefore, any harm that Proposed Intervenors would suffer should Plaintiffs prevail has already been suffered. Mem. Opp'n to Mot. Intervene 4, Doc. 48.

The Court is not persuaded by Plaintiffs' argument. First, the City did not know CSS was purportedly operating in breach of its contract until March 2018. Second, if Plaintiffs prevail in the current dispute, then other city contractors may seek exemption from the all-comers provisions of the Fair Practices Ordinance and Services Contract. This will negatively impact Proposed Intervenors' constituent members. Proposed Intervenors' have demonstrated an interest in protecting groups that would be tangibly impacted by those exemptions: same-sex couples who would be denied the services of a foster care agency, and foster care children who would have limited access to a pool of foster parents. Therefore, Proposed Intervenors may be affected by the disposition of this case.

### (4) The Proposed Intervenors' Interests Are Adequately Represented By The Existing Parties

The Third Circuit has identified three circumstances in which a proposed intervenor's interests will be considered inadequately represented by the existing litigants. "Representation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interest; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982)). The burden to show inadequacy of representation rests solely on the application for intervention. *Id.* Failure to show that a party's rights are not adequately represented is fatal to a motion to intervene as of right. *Wallach v. Eaton Corp.*, 837 F.3d 356, 372 n.18 (3d Cir. 2016).

Proposed Intervenors contend that Defendants cannot adequately represent Proposed Intervenors' interests because, as a municipality and a party to the contract with CSS, the City of Philadelphia has a host of competing governmental and contractual responsibilities, interests, and obligations. Proposed Intervenors, by contrast, seek solely to protect children in the foster care system and same-sex couples who wish to provide those children with families. Accordingly, Proposed Intervenors' can and will take positions and present legal arguments different from those of the City of Philadelphia. Mot. to Intervene 6, Doc. 14.

By contrast, Plaintiffs argue that the existing parties adequately represent the Proposed Intervenors' interest in two ways.

First, Plaintiffs disagree with Proposed Intervenors' argument that their narrower focus would allow for better representation than Defendants could provide, because the City is burdened with a range of other obligations. Plaintiffs contend that this reasoning would allow interest groups to intervene as a matter of right whenever the potential intervenor has an interest in a case to which the government is a party. Mem. Opp'n to Mot. Intervene 5, Doc. 48. Proposed Intervenor's reasoning contradicts the presumption of adequate representation that arises any time a private interest group seeks to intervene alongside the government, when the

5

government is charged with representing the interests of the applicant for intervention. *Pennsylvania v. President United States of Am.*, 888 F.3d 52, 60 (3d Cir. 2018).

Second, Plaintiffs claim that Proposed Intervenors' and Defendants' interests are so closely aligned that Proposed Intervenors' application to intervene is simply a request for "additional briefing space." Mem. Opp'n to Mot. Intervene 7, Doc. 48. In support of this argument, Plaintiffs point to the fact that the Executive Director of Child Advocates, Frank Cervone, was called as the expert witness for Defendants during the Temporary Restraining Order hearing. Mr. Cervone has since withdrawn as counsel for Proposed Intervenors. The Court does not find Mr. Cervone's presence as an expert witness to be dispositive on the issue of intervention.

The Court concludes that Proposed Intervenors have not demonstrated that their interests diverge sufficiently from Defendants "such that the existing party cannot devote proper attention to the applicant's interests." *United States v. Territory of the Virgin Islands*, 748 F.3d 514, 520 (3d Cir. 2014). Although Proposed Intervenors' interests are not "nearly identical" to Defendants', their interests are sufficiently similar such that Defendants would normally provide sufficient and adequate representation of Proposed Intervenors' interests.

Having failed to establish the final prong of the standard for intervention as of right, Proposed Intervenors may not intervene as of right. However, the Court concludes, as discussed below, that Proposed Intervenors may still intervene under Fed. R. Civ. P. 24(b)(1).

## II.   PERMISSIVE INTERVENTION

The Federal Rules of Civil Procedure permit the permissive intervention of a non-party, so long as the non-party's application for intervention is timely, and the non-party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Court has considerable discretion in determining whether or not a non-party may intervene in an ongoing dispute under Fed. R. Civ. P. 24(b)(1). *United States v. Paramount Pictures, Inc.*, 334 U.S. 131 (1948).

### (1)   The Application For Intervention Is Timely

As discussed above in connection with Proposed Intervenors' application for intervention as of right under Fed. R. Civ. P. 24(a)(2), Proposed Intervenors' application for intervention is timely.

### (2)   The Proposed Intervenors Have A Defense That Shares Common Questions Of Law And Fact With The Main Action

In their amicus brief and testimony during the evidentiary hearing, the Proposed Intervenors argued that if CSS is permitted to discriminate against prospective same-sex couples, it would violate the Establishment Clause and the Equal Protection Clause of the United States Constitution. Proposed Intervenors' Amicus Br. Opp'n Pls.' Injunction Mot. 11, Doc. 28-1.

This defense is common to the questions of law and fact before the court, but specific to the Proposed Intervenors' interests and members. While the Court finds that Proposed Intervenors' would be adequately represented if intervention were denied, it is still the case that they may bring an added and important perspective based on the members that compose their ranks and the members they represent.

Plaintiffs offer no evidence that permitting Proposed Intervenors' application for intervention will prejudice or unduly delay the proceedings, and the Court finds that Proposed Intervenors should be allowed to assert their defenses as defendants in the present litigation, because those defenses go beyond the contract dispute between CSS and the City. *Brody*, 957 F.2d at 1115–16 (noting that the district court's decision to grant permissive intervention is "highly discretionary" so long as intervention does not unduly delay the proceedings). The Court concludes that permitting Proposed Intervenors' intervention is appropriate on the present facts.

### III.   CONCLUSION

For the foregoing reasons, Proposed Intervenors' Motion to Intervene is **GRANTED** under Fed. R. Civ. P. 24(b)(1).