IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARONELL FULTON, *et al.*,** | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | NO. 18-2075 |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 1st day of October, 2021, upon consideration of the Parties' Joint Motion for Consent Judgment (ECF No. 77), **IT IS HEREBY ORDERED AND DECREED** that the Motion is **GRANTED**, and the terms of judgment detailed below are adopted by the Court.

**CONSENTED ENTRY OF JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs Sharonell Fulton, Toni Simms-Busch, Cecelia Paul,[1] and Catholic Social Services ("CSS") filed this case in 2018, alleging various federal and state constitutional and statutory violations on the part of Defendants (collectively, "the City" or "Defendants"). Plaintiffs moved for a temporary restraining order and preliminary injunction on some of those claims. This Court denied that motion in an opinion reported at 320 F. Supp. 3d 661; the Third Circuit upheld that decision, reported at 922 F.3d 140. The Supreme Court granted certiorari and reversed, in a decision reported at 141 S. Ct. 1868. The facts and history of this litigation are recounted at length in those decisions.

---

[1] Ms. Paul passed away during the pendency of this action. As stated below, the parties agree to the substitution of her estate.

1

Plaintiffs and Defendants (collectively, the "Parties"), desiring that this action be settled by appropriate consent judgment and without the burden of protracted litigation, agree to the jurisdiction of this Court over the parties, and the subject matter of this action. The Parties waive a hearing and findings of fact and conclusion of law on all issues unaddressed by the United States Supreme Court's decision.

The Parties further agree that this Agreement resolves all issues raised in the Complaint, and is final and binding on Plaintiffs, the City, and their respective officials, agents, employees, successors, and all persons acting on their behalf or in active concert and in participation with them.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** as follows:

### Supreme Court Decision and Injunctive Relief

In light of the Supreme Court decision, Plaintiffs have demonstrated success on the merits of Count IV of their Complaint. Plaintiffs have also shown irreparable injury in relation to that claim. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). Finally, injunctive relief is in the public interest and supported by the equities. *See Fulton*, 141 S. Ct. at 1882; *AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

### Resolution of the Litigation

Defendants agree that they shall not appeal from any ruling that adopts this Agreement. Defendants further agree that the relief granted herein is fair and equitable, and they will defend the terms of this Agreement if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.

Plaintiffs agree that they shall not appeal from any ruling that adopts this Agreement. Plaintiffs further agree that the relief granted herein is fair and equitable, and they will defend the terms of this Agreement if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.

The Parties agree that judgment should be entered in Plaintiffs' favor on Count IV, entitled "Violation of the First Amendment to the U.S. Constitution, Free Exercise Clause, System of Individualized Assessments." This is a final adjudication on the merits of that claim, and Plaintiffs are prevailing parties in this litigation. Plaintiffs agree that their remaining claims shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a). If this Agreement is adopted by the Court in its entirety, which is has been, it shall be construed as a self-executing notice of voluntary dismissal by Plaintiffs of all remaining claims with prejudice pursuant to Rule 41(a).

The Parties agree, in the event this Agreement is appealed or subsequently modified, Plaintiffs may appeal that action, and, in the event the Agreement is not upheld, may re-assert any or all of Claims I-III and V-XVI in that circumstance.

The Parties also agree that as of the date that this Agreement is filed with the Court, they will begin to perform their respective obligations under this agreement, including entering into their agreed-upon Professional Services Contract for foster care.

The Parties agree that the Estate of Cecelia Paul shall be substituted for Cecelia Paul for all purposes in this litigation.

The Parties agree that Plaintiffs are the prevailing parties and, therefore, are entitled to reasonable attorneys' fees and costs, which they shall address in a separate agreement ("Separate Agreement").

**Injunction and Order**

Accordingly, in light of the foregoing and upon the Parties' consent:

1. The City of Philadelphia, the Department of Human Services, the Commission on Human Relations, their agents and employees, and all those acting in concert with any of them are **PROHIBTED** from refusing "to contract with CSS for the provision of foster care services unless [CSS] agrees to certify same-sex [or unmarried] couples as foster parents." *See Fulton*, 141 S. Ct. at 1882.

2. The City of Philadelphia, the Department of Human Services, the Commission on Human Relations, their agents and employees, and all those acting in concert with any of them are **PROHIBITED** from declining to refer children to CSS on the basis that CSS exercises its religious objection to certifying same-sex or unmarried couples as foster parents.

3. Pursuant to the decision of the Supreme Court in *Fulton v. Philadelphia*— which set forth an interpretation of the current version of Phila. Code §§9–1106-1107—the City of Philadelphia, the Department of Human Services, the Commission on Human Relations, its agents, employees, and those acting in concert with any of them are **ORDERED NOT TO** penalize, attempt to enforce, or otherwise take adverse action under Phila. Code §§9–1106-1107 against CSS, its agents, employees, or those acting in concert with it for CSS's actions related to the performance of certifications of prospective foster parents.

4. The City of Philadelphia, the Department of Human Services, the Commission on Human Relations, its agents, employees, and those acting in concert with any of them are **PROHIBITED** from declining to place foster children with Plaintiffs Toni Simms-Busch, Sharonell Fulton, or any other foster parent on the basis that CSS declines to certify same-sex or unmarried couples as foster parents.

5. **ORDRED** that this permanent injunction shall take effect immediately; and

5

    6.    **ORDERED** that Plaintiffs' notice of voluntary dismissal with prejudice of Counts I-III and V-XVI is hereby entered and those claims are **DISMISSED**;

    7.    **ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary, including over any disputes arising from the Separate Agreement; and

    8.    **ORDERED** that the Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**IT IS SO ORDERED**.

                                                         **BY THE COURT:**

                                                         /s/ Petrese B. Tucker

                                                         _____

                                                         **Hon. Petrese B. Tucker, U.S.D.J.**